UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| TiVo Inc., a Delaware Corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Verizon Communications, Inc.,<br>a Delaware Corporation,<br><br>　　　　　Defendant. | Case No. 2:09-cv-257<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff TiVo Inc. alleges as follows:

**PARTIES**

1.　　TiVo is a Delaware corporation with a principal place of business at 2160 Gold Street, Alviso, California 95002-2160.

2.　　Upon information and belief, Defendant Verizon Communications, Inc. is a Delaware corporation with a principal place of business at 140 West Street, New York, New York 10007.

**JURISDICTION AND VENUE**

3.　　This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. section 1, *et seq.*, including 35 U.S.C. section 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

4. On information and belief, on or around September 2005, Verizon introduced its "FiOS TV" product in Texas. Verizon customers in Texas were the first customers in the nation to have the opportunity to purchase Verizon's FiOS TV product.

5. On information and belief, there are multiple FiOS TV store locations in Texas.

6. On information and belief, Verizon services or controls the service of more than 3 million customer accounts in Texas.

7. On information and belief, Verizon invested $965.5 million in plant and equipment in Texas in 2008.

8. On information and belief, Verizon owns or manages 372 buildings or locations in Texas.

9. On information and belief, Verizon provides FiOS TV to customers in Texas, including customers living in cities served by the United States District Court for the Eastern District of Texas.

10. Upon information and belief, this Court has personal jurisdiction over Verizon because it regularly conducts business in the state of Texas and therefore has substantial and continuous contacts within this judicial district; because Verizon purposefully avails itself of the privileges of conducting business in this judicial district; or because Verizon has committed acts giving rise to TiVo's claims within this judicial district.

11. Venue in the Eastern District of Texas is proper pursuant to 28 U.S.C. sections 1391(b)-(c) and 1400(b) because, on information and belief, Verizon has committed acts giving rise to TiVo's claims in this district, and Verizon resides or may be found in this district.

**FACTUAL BACKGROUND**

12. TiVo was founded in 1997 and is a pioneer in the field of digital video recording.

13. TiVo employees, including TiVo co-founder James Barton, patented a number of inventions that relate to digital video recording devices, digital video recording device software, or personal television services.

14. TiVo is the assignee of a number of patents related to digital video recording devices, digital video recording device software, or personal television services. TiVo owns all rights, titles, and interests in and to the following United States patents (collectively, the "TiVo Patents"), including exclusive rights to bring suit with respect to any past, present, and future infringement thereof:

(a) U.S. Patent No. 6,233,389, entitled "Multimedia Time Warping System," which issued May 15, 2001;

(b) U.S. Patent No. 7,529,465 B2, entitled "System for Time Shifting Multimedia Content Streams," which issued on May 5, 2009; and

(c) U.S. Patent No. 7,493,015 B1, entitled "Automatic Playback Overshoot Correction System," which issued on February 17, 2009.

15. In addition to patenting technologies related to digital video recording devices, digital video recording device software and personal television services, TiVo competes in these markets. TiVo is a leading provider of technology and services for digital video recorders. As of January 31, 2009, there were approximately 3.3 million subscriptions to the TiVo service.

16. On information and belief, Verizon provides video services, which include FiOS TV and other television services, through its "Wireline" business unit. Verizon's FiOS TV and other television services include, making, using, offering to sell and selling digital video recording devices, digital video recording device software or personal television services.

17.     On information and belief, on or around September 2005, Verizon introduced its "FiOS TV" product in Texas.  FiOS TV is now available in more than 9 million homes across 14 states: New York, New Jersey, California, Delaware, Texas, Florida, Maryland, Pennsylvania, Indiana, Massachusetts, Virginia, Rhode Island, Oregon and Washington.  Verizon intends to increase the availability of FiOS TV to additional states and additional customers within the states it currently serves.

18.     On information and belief, as of December 31, 2008, Verizon had 1,918,000 FiOS TV customers nationwide.  Verizon's FiOS TV customer base continues to grow as evidenced by an increase of 300,000 customers in Verizon's second quarter of 2009.  Verizon also intends to increase the capacities of FiOS TV to include web based offerings, such as FaceBook and Twitter.

19.     Verizon describes its FiOS TV as innovative.  Among the features that Verizon promotes as innovative to differentiate its FiOS TV product from its competition are the "Video on Demand Service," the "Interactive Media Guide," the "Home Media DVR," and the "FiOS Widgets."

**COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,233,389**

20.     TiVo incorporates by reference paragraphs 1 through 19 of this Complaint and realleges them as though fully set forth herein.

21.     On May 15, 2001, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 6,233,389, entitled "Multimedia Time Warping System."  A copy of the '389 Patent is attached as Exhibit A.

22.     TiVo is the owner by assignment of all rights, title and interest in and to the '389 Patent.

23. On information and belief, Verizon is making, using, offering to sell, or selling digital video recording devices, digital video recording device software, and personal television services in the United States of America.

24. On information and belief, Verizon has been and is now infringing, contributorily infringing, or actively inducing infringement of the '389 Patent. The infringing acts include, but are not limited to, making, using, offering to sell, or selling in the United States of America digital video recording devices, digital video recording device software, or personal television services falling within the scope of one or more claims of the '389 Patent. Verizon is liable for infringement of the '389 Patent pursuant to 35 U.S.C. § 271.

25. As a consequence of Verizon's infringement, TiVo is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

26. The infringement by Verizon has injured and will continue to injure TiVo, unless and until such infringement is enjoined by this Court.

27. Upon information and belief, Verizon has knowledge of its infringement of the '389 Patent, yet Verizon continues to infringe the '389 Patent. Verizon's infringement of the '389 Patent is willful, entitling TiVo to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in the prosecution of this action under 35 U.S.C. § 285.

**COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 7,529,465**

28. TiVo incorporates by reference paragraphs 1 through 27 of this Complaint and realleges them as though fully set forth herein.

29. On May 5, 2009, the PTO issued U.S. Patent No. 7,529,465 B2, entitled "System for Time Shifting Multimedia Content Streams." A copy of the '465 Patent is attached as Exhibit B.

30. TiVo is the owner by assignment of all rights, title and interest in and to the '465 Patent.

31. On information and belief, Verizon is making, using, offering to sell, or selling digital video recording devices, digital video recording device software, and personal television services in the United States of America.

32. On information and belief, Verizon has been and is now infringing, contributorily infringing, or actively inducing infringement of the '465 Patent. The infringing acts include, but are not limited to, making, using, offering to sell, or selling in the United States of America digital video recording devices, digital video recording device software, or personal television services falling within the scope of one or more claims of the '465 Patent. Verizon is liable for infringement of the '465 Patent pursuant to 35 U.S.C. § 271.

33. As a consequence of Verizon's infringement, TiVo is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

34. The infringement by Verizon has injured and will continue to injure TiVo, unless and until such infringement is enjoined by this Court.

35. Upon information and belief, Verizon has knowledge of its infringement of the '465 Patent, yet Verizon continues to infringe the '465 Patent. Verizon's infringement of the '465 Patent is willful, entitling TiVo to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in the prosecution of this action under 35 U.S.C. § 285.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 7,493,015

36. TiVo incorporates by reference paragraphs 1 through 35 of this Complaint and realleges them as though fully set forth herein.

37. On February 17, 2009, the United States Patent and Trademark Office issued U.S. Patent No. 7,493,015 B1, entitled "Automatic Playback Overshoot Correction System." A copy of the '015 Patent is attached as Exhibit C.

38. TiVo is the owner by assignment of all rights, title and interest in and to the '015 Patent.

39. On information and belief, Verizon is making, using, offering to sell, or selling digital video recording devices, digital video recording device software, and personal television services in the United States of America.

40. On information and belief, Verizon has been and is now infringing, contributorily infringing, or actively inducing infringement of the '015 Patent. The infringing acts include, but are not limited to, making, using, offering to sell, or selling in the United States of America digital video recording devices, digital video recording device software or personal television services having features or functionality falling within the scope of one or more claims of the '015 Patent. Verizon is liable for infringement of the '015 Patent pursuant to 35 U.S.C. § 271.

41. As a consequence of Verizon's infringement, TiVo is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

42. The infringement by Verizon has injured and will continue to injure TiVo, unless and until such infringement is enjoined by this Court.

43. Upon information and belief, Verizon has knowledge of its infringement of the '015 Patent, yet Verizon continues to infringe the '015 Patent. Verizon's infringement of the '015 Patent is willful, entitling TiVo to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in the prosecution of this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, TiVo respectfully requests that the Court enter judgment as follows:

A. adjudging that the TiVo Patents are enforceable and not invalid;

B. adjudging that Verizon infringes, has infringed, has contributed to infringement of, has induced infringement of the TiVo Patents, and that such infringement has been willful;

C. enjoining Verizon and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them, from further infringement of the TiVo Patents;

D. awarding compensatory damages to TiVo, together with interest;

E. awarding treble damages to TiVo for Defendants' willful infringement of the TiVo Patents;

F. ordering a post-trial accounting of damages for the period of infringement of the TiVo Patents following the period of damages established by TiVo at trial in accordance with 28 U.S.C. § 1292(c)(2);

G. awarding TiVo its costs and attorneys' fees pursuant to 35 U.S.C. section 285; and,

H. awarding TiVo such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff TiVo hereby demands a jury trial on all issues so triable.

| | |
|---|---|
| DATED:  August 26, 2009 | **MCKOOL SMITH, P.C**<br><br>By: /s/ Sam Baxter<br>Sam Baxter, Lead Attorney<br>State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>104 East Houston Street, Suite 300<br>Marshall, Texas  75670<br>Telephone: (903) 923-9000<br>Telecopier: (903) 923-9099<br><br>**ATTORNEYS FOR PLAINTIFF TIVO, INC.** |

Co-counsel:

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
Ronald J. Schutz (*pro hac app. pending*)
rjschutz@rkmc.com
David W. Beehler (*pro hac app. pending*)
David P. Swenson (*pro hac app .pending*)
Andrea L. Gothing (*pro hac app. pending*)
Loren L. Hansen (*pro hac app. pending*)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
612-349-8500