**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| TIVO INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>VERIZON COMMUNICATIONS, INC.,<br> a Delaware Corporation,<br>VERIZON SERVICES CORP.,<br> a Delaware Corporation, and<br>VERIZON CORPORATE RESOURCES<br>GROUP LLC,<br> a Delaware limited liability company,<br><br>    Defendants. | Civil Action No. 2:09-cv-257-DF<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Defendants Verizon Communications Inc. ("VCI"), Verizon Services Corp. ("Services Corp."), and Verizon Corporate Resources Group LLC ("Corporate Resources Group") (collectively, "Verizon") by its attorneys, hereby answers the First Amended Complaint brought by Plaintiff TiVo Inc. ("TiVo"). Verizon hereby asserts counterclaims of patent infringement for damages and equitable relief.

With respect to the allegations made in TiVo's First Amended Complaint, Verizon states as follows:

### PARTIES

1.  Upon information and belief, admitted.

2.  Denied, except that Verizon admits that VCI is a corporation formed under Delaware law and that it has a place of business at 140 West Street, New York, New York 10007.

3.    Denied, except that Verizon admits that Services Corp. is a Delaware corporation with a place of business at 1320 North Court House Road, Arlington, Virginia 22201; and that Services Corp. is affiliated with VCI.

4.    Denied, except that Verizon admits that Corporate Resources Group is a Delaware limited liability company with a place of business at One Verizon Way, Basking Ridge, New Jersey 07920; and that Corporate Resources Group is affiliated with VCI.

## JURISDICTION AND VENUE

5.    Verizon admits that this action purports to be based on the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271, and that this Court has subject matter jurisdiction over actions for patent infringement under 27 U.S.C. §§ 1331 and 1338(a).  The remaining allegations of paragraph 5 of the First Amended Complaint state conclusions of law, to which no answer is required.

6.    Denied, except that Verizon admits that, on or around September 2005, certain corporate entities bearing the name "Verizon" offered FiOS TV services in Texas, and that some customers in Keller, Texas (in the Northern District) had the opportunity to purchase FiOS TV services at that time.

7.    Denied.

8.    Denied.

9.    Denied.

10.    Denied.

11.    Denied, except that Verizon admits that certain corporate entities bearing the name "Verizon" offer FiOS TV services to customers in Texas, including in the Eastern District of Texas, but not in or near Marshall.

12.    The allegations of paragraph 12 of the First Amended Complaint state conclusions of law, to which no answer is required.  Verizon denies that personal jurisdiction is proper for VCI in this judicial district.

13.    The allegations of paragraph 13 of the First Amended Complaint state conclusions of law, to which no answer is required.  Verizon denies that venue is proper under 28 U.S.C. §§ 1391 and 1400(b) or convenient under 28 U.S.C. § 1404.  Verizon maintains that venue is proper and convenient in the District of New Jersey.

## FACTUAL BACKGROUND

14.    Denied.  Verizon lacks knowledge or information sufficient to form a belief as to the truth of TiVo's averments.

15.    Denied.  Verizon lacks knowledge or information sufficient to form a belief as to the truth of TiVo's averments.

16.    Denied.  Verizon lacks knowledge or information sufficient to form a belief as to the truth of TiVo's averments.

17.    Verizon admits on information and belief that digital video recording devices are sold bearing the name TiVo.  Verizon lacks knowledge or information sufficient to form a belief as to the truth of the remainder of TiVo's averments in paragraph 17 of the First Amended Complaint, and therefore denies the same.

18.    Denied, except that Verizon admits that certain corporate entities bearing the name "Verizon" offer FiOS TV services, and that users of FiOS TV services can rent devices that perform digital video recording functions.

19.    Denied, except that Verizon admits that on or around September 2005 certain corporate entities bearing the name "Verizon" introduced FiOS TV services to some customers

in Keller, Texas, and that FiOS TV services are currently available to more than 9 million homes

in the 14 states of New York, New Jersey, California, Delaware, Texas, Florida, Maryland,

Pennsylvania, Indiana, Massachusetts, Virginia, Rhode Island, Oregon, and Washington.

20.    Denied, except that Verizon admits that, as of December 31, 2008, there were

approximately 1,918,000 customers of FiOS TV services in total from the regions in which FiOS

TV is available; the number of customers has grown, including an increase of approximately

300,000 customers in the second quarter of 2009; and there have been plans to add features to

FiOS TV services, such as Facebook and Twitter.

21.    Denied, except that Verizon admits that certain corporate entities bearing the

name "Verizon" have described FiOS TV as an innovative service with many features that

differentiate it from its competition and have promoted many features of the FiOS TV service

including "Video on Demand Service," the "Interactive Media Guide," the "Home Media DVR,"

and the "FiOS Widgets."

## COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,233,389

22.    In response to paragraph 22 of the First Amended Complaint, Verizon

incorporates herein by reference paragraphs 1-21 of this Answer.

23.    Verizon admits that United States Patent No. 6,233,389 ("the '389 patent")

appears on its face to list an issuance date of May 15, 2001, that it bears the title "Multimedia

Time Warping System," and that a copy of the '389 patent was attached to the First Amended

Complaint as Exhibit A.  Verizon denies the remaining allegations of paragraph 23 of the First

Amended Complaint.

24.    Denied.  Verizon lacks knowledge or information sufficient to form a belief as to

the truth of TiVo's averments.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

**COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 7,529,465**

30.    In response to paragraph 30 of the First Amended Complaint, Verizon incorporates herein by reference paragraphs 1-29 of this Answer.

31.    Verizon admits that United States Patent No. 7,520,465 B2 ("the '465 patent") appears on its face to list an issuance date of May 5, 2009, that it bears the title "System for Time Shifting Multimedia Content Streams," and that a copy of the '465 patent was attached to the First Amended Complaint as Exhibit B.  Verizon denies the remaining allegations of paragraph 31 of the First Amended Complaint.

32.    Denied.  Verizon lacks knowledge or information sufficient to form a belief as to the truth of TiVo's averments.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 7,493,015

38.    In response to paragraph 38 of the First Amended Complaint, Verizon incorporates herein by reference paragraphs 1-37 of this Answer.

39.    Verizon admits that United States Patent No. 7,493,015 B1 ("the '015 patent") appears on its face to list an issuance date of February 17, 2009, that it bears the title "Automatic Playback Overshoot Correction System," and that a copy of the '015 patent was attached to the First Amended Complaint as Exhibit C.  Verizon denies the remaining allegations of paragraph 39 of the First Amended Complaint.

40.    Denied.  Verizon lacks knowledge or information sufficient to form a belief as to the truth of TiVo's averments.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

### PRAYER FOR RELIEF

This section of TiVo's First Amended Complaint constitutes Prayers for Relief that do not require a response.  Verizon denies that TiVo is entitled to any of the requested relief.  Each averment and/or allegation contained in Plaintiff's First Amended Complaint that is not specifically admitted herein is hereby denied.

### DEMAND FOR JURY TRIAL

Verizon demands a jury trial on all issues so triable.

6

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE I
### (Failure To State a Claim)

46.     TiVo fails to state a claim upon which relief can be granted.

### AFFIRMATIVE DEFENSE II
### (Non-infringement of the TiVo Patents)

47.     Verizon has not infringed, or contributed to or induced the infringement of, any

claim of the '389, the '465, or the '015 patent asserted by TiVo (collectively, the "TiVo

Patents"), and is not liable for any infringement thereof.

### AFFIRMATIVE DEFENSE III
### (Invalidity of the TiVo Patents)

48.     Each of the TiVo Patents is invalid for failure to satisfy the conditions of

patentability under the patent laws of the United States, including one or more of 35 U.S.C.

§§ 101, 102, 103, and 112.

### AFFIRMATIVE DEFENSE IV
### (Prosecution History Estoppel)

49.     TiVo is estopped from construing or interpreting the claims to cover any acts of

Verizon by reason of proceedings in the United States Patent and Trademark Office ("PTO")

during prosecution of the applications upon which the patents issued, and the admissions and

representation made therein to the PTO on behalf of the applications.

### AFFIRMATIVE DEFENSE V
### (Laches, Waiver, Estoppel, and Acquiescence)

50.     TiVo's claims for relief are barred in whole or in part by laches, waiver, estoppel,

or acquiescence due to its inaction to timely assert the patents.

### AFFIRMATIVE DEFENSE VI
### (Unclean Hands)

51.     TiVo is barred from any recovery under unclean hands.

### AFFIRMATIVE DEFENSE VII
### (Failure To Provide Notice Pursuant to 35 U.S.C. § 287)

52.     TiVo's ability to recover for any alleged infringement is limited by the failure of TiVo and/or its licensees to meet the requirements of 35 U.S.C. § 287.

### AFFIRMATIVE DEFENSE VIII
### (Lack of Personal Jurisdiction)

53.     This Court lacks personal jurisdiction over VCI.

### AFFIRMATIVE DEFENSE IX
### (License/Limitation on Damages)

54.     To the extent that any of TiVo's allegations of infringement are premised on the alleged use, sale, or offer for sale of methods, systems, apparatuses, and/or products that were practiced or implemented by or for a licensee of TiVo or its predecessors-in-interest, and/or provided to Verizon by a licensee of TiVo or its predecessors-in-interest, such allegations are barred pursuant to said license agreements.

### AFFIRMATIVE DEFENSE X
### (Improper/Inconvenient Venue)

55.     This action should be dismissed and/or transferred pursuant to improper venue as well as under the doctrine of *forum non conveniens*.

56.     Verizon reserves the right to assert additional defenses as may be warranted by discovery or further investigation in this action.

## COUNTERCLAIM

Counterclaim Plaintiffs, Verizon Communications Inc. ("VCI"), Verizon Services Corp. ("Services Corp."), and Verizon Corporate Resources Group LLC ("Corporate Resources Group") (collectively, "Verizon"), assert the following Counterclaim against Plaintiff and Counterclaim Defendant TiVo, Inc. ("TiVo"):

1.    This Counterclaim is for declaratory judgment under 28 U.S.C. § 2201 *et seq.*, that United States Patent Nos. 6,233,389; 7,520,465; and 7,493,015 (the "TiVo Patents") are invalid and have not been infringed by Verizon.

2.    This Counterclaim also is for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271.  Verizon brings this patent infringement counterclaim to prevent and restrain TiVo from appropriating Verizon's patented technologies and to secure damages to compensate Verizon for its losses.

## THE PARTIES

3.    VCI is a corporation formed under Delaware law.  It has a place of business at One Verizon Way, Basking Ridge, New Jersey, 07920.  VCI holds undivided joint ownership interests in one or more of the patents asserted by Verizon in this Counterclaim.

4.    Services Corp., a wholly owned subsidiary of VCI, is a corporation formed under Delaware law.  It has a place of business at 1320 North Court House Road, Arlington, Virginia 22201.  Services Corp. holds undivided joint ownership interests in one or more of the patents asserted by Verizon in this Counterclaim and owns all substantial rights in one of the patents asserted by Verizon in this Counterclaim.

5.      Corporate Resources Group, a wholly owned subsidiary of VCI, is a Delaware limited liability company.  It has a place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

6.      Counterclaim Defendant, TiVo, is the entity that filed a Complaint on or about August 26, 2009 and a First Amended Complaint on or about February 2, 2010.

7.      On information and belief, TiVo develops, uses, sells, offers to sell, or controls, directly or indirectly, among other things, set-top boxes ("STBs") and related services on a nationwide basis.

8.      Upon information and belief, TiVo has customers in this District.

9.      TiVo provides STBs, other devices, and services in direct competition against companies wholly owned, directly or indirectly, by VCI.

## JURISDICTION AND VENUE

10.      This Counterclaim arises under the Patent Act, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*  This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

11.      TiVo has availed itself of this forum and is therefore subject to personal jurisdiction in this District.

12.      To the extent that venue is proper in connection with TiVo's First Amended Complaint, it is equally proper for this Counterclaim under 28 U.S.C. §§ 1391 and 1400. Verizon asserts, however, that the District of New Jersey is a substantially more convenient venue than this District, and that venue is proper in the District of New Jersey.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGMENT
### (U.S. Patent No. 6,233,389)

13.     Verizon realleges and incorporates by reference the allegations of Counterclaim paragraphs 1-12.

14.     TiVo has alleged in this action that Verizon has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 6,233,389 ("the '389 patent"). Verizon denies that it has infringed, contributed to others' infringement, or induced others to infringe the '389 patent.

15.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

16.     Verizon is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any claim of the '389 patent.

17.     Verizon is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGMENT
### (U.S. Patent No. 7,520,465)

18.     Verizon realleges and incorporates by reference the allegations of paragraphs 1-17.

19.     TiVo has alleged in this action that Verizon has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 7,520,465 ("the '465 patent"). Verizon denies that it has infringed, contributed to others' infringement, or induced others to infringe the '465 patent.

20.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

21.     Verizon is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any claim of the '465 patent.

22.     Verizon is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (U.S. Patent No. 7,493,015)

23.     Verizon realleges and incorporates by reference the allegations of paragraphs 1-22.

24.     TiVo has alleged in this action that Verizon has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 7,493,015 ("the '015 patent"). Verizon denies that it has infringed, contributed to others' infringement, or induced others to infringe the '015 patent.

25.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

26.     Verizon is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any claim of the '015 patent.

27.     Verizon is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**COUNT IV**
**DECLARATORY JUDGMENT OF INVALIDITY**
**(U.S. Patent No. 6,233,389)**

28.     Verizon realleges and incorporates by reference the allegations of paragraphs 1-27.

29.     TiVo has alleged in this action that Verizon has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 6,233,389 ("the '389 patent").

30.     The '389 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

31.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

32.     Verizon is entitled to a declaration by the Court that one or more claims of the '389 patent is invalid.

33.     VCI is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**COUNT V**
**DECLARATORY JUDGMENT OF INVALIDITY**
**(U.S. Patent No. 7,520,465)**

34.     Verizon realleges and incorporates by reference the allegations of paragraphs 1-33.

35.     TiVo has alleged in this action that Verizon has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 7,520,465 ("the '465 patent").

36.     The '465 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

37.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

38.     Verizon is entitled to a declaration by the Court that one or more claims of the '465 patent is invalid.

39.     Verizon is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT VI
## DECLARATORY JUDGMENT OF INVALIDITY
## (U.S. Patent No. 7,493,015)

40.     Verizon realleges and incorporates by reference the allegations of paragraphs 1-39.

41.     TiVo has alleged in this action that Verizon has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 7,5493,015 ("the '015 patent").

42.     The '015 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

43.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

44.     Verizon is entitled to a declaration by the Court that one or more claims of the '015 patent is invalid.

45.     Verizon is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 5,410,344

46.     Verizon realleges and incorporates by reference the allegations of paragraphs 1-45.

47.     On April 25, 1995, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,410,344 ("the '344 patent"), titled "Apparatus and Method of Selecting Video Programs Based on Viewers' Preferences."  A true and correct copy of this patent is attached as Exhibit A hereto.

48.     The '344 patent was initially assigned to Arrowsmith Technologies, Inc., which subsequently assigned its ownership interest to Intellectual Property Development, Inc. Intellectual Property Development, Inc. subsequently assigned its ownership interest to Aerosound LLC, which subsequently changed its name to Intellectual Ventures Video Preferences 3 LLC.  Intellectual Ventures Video Preferences 3 LLC subsequently assigned all substantial rights in the '344 patent to Services Corp., a wholly-owned subsidiary of VCI.

49.     TiVo appropriated the invention of the '344 patent by making and using the patented system and method in the United States in competition against Services Corp. and companies owned by VCI, and has done so without the permission of, or making any compensation to Services Corp. or VCI.

50.     Upon information and belief, TiVo has been infringing and continues to infringe one or more claims of the '344 patent by doing the following things, among others, in connection with its STBs and related service offerings:

    a.     making, causing to be made, using, selling, offering for sale, and/or importing systems, devices, and/or services that practice or embody the patented invention as part of their normal and intended operation; and using such systems, devices, and/or services, in violation of 35 U.S.C. § 271(a);

    b.     actively inducing infringement of the patented devices and method by encouraging others to use the patented invention, in violation of 35 U.S.C. § 271(b);

      c.     contributing the infringement by others of the patented devices and methods in violation of 35 U.S.C. § 271(c); and

      d.     acting in concert with others to infringe or cause joint or divided infringement of the patent.

51.     Upon information and belief, TiVo's continued infringement after learning of the patent is willful.

52.     TiVo's infringement has injured and damaged Verizon, and continues to do so. Unless enjoined by this Court, TiVo will continue its infringement, irreparably injuring Verizon.

## COUNT VIII
## INFRINGEMENT OF U.S. PATENT NO. 5,635,979

53.     Verizon realleges and incorporates by reference the allegations of paragraphs 1-52.

54.     On June 3, 1997, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,635,979 ("the '979 patent"), titled "Dynamically Programmable Digital Entertainment Terminal Using Downloaded Software to Control Broadband Data Operations." A true and correct copy of this patent is attached as Exhibit B hereto.

55.     The '979 patent was originally assigned to Bell Atlantic, which changed its name to VCI effective September 21, 2000.  VCI subsequently assigned its ownership interest jointly to Services Corp. and VCI.

56.     TiVo appropriated the invention of the '979 patent by making and using the patented system and method in the United States in competition against Services Corp. or companies owned by VCI, and has done so without the permission of, or making any compensation to, Services Corp. or VCI.

57.    Upon information and belief, TiVo has been infringing and continues to infringe one or more claims of the '979 patent by doing the following things, among others, in connection with its STBs and related service offerings:

a.    making, causing to be made, using, selling, offering for sale, and/or importing systems, devices, and/or services that practice or embody the patented invention as part of their normal and intended operation; and using such systems, devices, and/or services, in violation of 35 U.S.C. § 271(a);

b.    actively inducing infringement of the patented devices and method by encouraging others to use the patented invention, in violation of 35 U.S.C. § 271(b);

c.    contributing the infringement by others of the patented devices and methods in violation of 35 U.S.C. § 271(c); and

d.    acting in concert with others to infringe or cause joint or divided infringement of the patent.

58.    Upon information and belief, TiVo's continued infringement after learning of the patent is willful.

59.    TiVo's infringement has injured and damaged Verizon, and continues to do so. Unless enjoined by this Court, TiVo will continue its infringement, irreparably injuring Verizon.

## COUNT IX
## INFRINGEMENT OF U.S. PATENT NO. 5,973,684

60.    Verizon realleges and incorporates by reference the allegations of paragraphs 1-59.

61.    On October 26, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,973,684 ("the '684 patent"), titled "Digital Entertainment

Terminal Providing Dynamic Execution in Video Dial Tone Networks."  A true and correct copy of this patent is attached as Exhibit C hereto.

62.    The '684 patent was originally assigned to Bell Atlantic Network Services, Inc., which changed its name to Services Corp. effective August 1, 2000.  Services Corp. subsequently assigned its ownership interest jointly to Services Corp. and VCI.

63.    TiVo appropriated the invention of the '684 patent by making and using the patented system and method in the United States in competition against Services Corp. or companies owned by VCI, and has done so without the permission of, or making any compensation to, Services Corp. or VCI.

64.    Upon information and belief, TiVo has been infringing and continues to infringe one or more claims of the '684 patent by doing the following things, among others, in connection with its STBs and related service offerings:

a.    making, causing to be made, using, selling, offering for sale, and/or importing systems, devices, and/or services that practice or embody the patented invention as part of their normal and intended operation; and using such systems, devices, and/or services, in violation of 35 U.S.C. § 271(a);

b.    actively inducing infringement of the patented method by encouraging others to use the patented invention, in violation of 35 U.S.C. § 271(b);

c.    contributing the infringement by others of the patented devices and methods in violation of 35 U.S.C. § 271(c); and

d.    acting in concert with others to infringe or cause joint or divided infringement of the patent.

65.    Upon information and belief, TiVo's continued infringement after learning of the patent is willful.

66.    TiVo's infringement has injured and damaged Verizon, and continues to do so. Unless enjoined by this Court, TiVo will continue its infringement, irreparably injuring Verizon.

### COUNT X
### INFRINGEMENT OF U.S. PATENT NO. 7,561,214

67.    Verizon realleges and incorporates by reference the allegations of paragraphs 1-66.

68.    On July 14, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,561,214 ("the '214 patent"), titled "Two-dimensional Navigation of Multiplexed Channels in a Digital Video Distribution System."  A true and correct copy of this patent is attached as Exhibit D hereto.

69.    The '214 patent was originally assigned to Bell Atlantic Entertainment and Information Services Group, Inc., which subsequently assigned its ownership interest to VCI.

70.    TiVo appropriated the invention of the '214 patent by making and using the patented system and method in the United States in competition against companies owned by VCI and without the permission of, or making any compensation to, VCI.

71.    Upon information and belief, TiVo has been infringing and continues to infringe one or more claims of the '214 patent by doing the following things, among others, in connection with its STBs and related service offerings:

    a.    making, causing to be made, using, selling, offering for sale, and/or importing systems, devices, and/or services that practice or embody the patented invention as part of their normal and intended operation; and using such systems, devices, and/or services, in violation of 35 U.S.C. § 271(a);

19

b.    actively inducing infringement of the patented method by encouraging others to use the patented invention, in violation of 35 U.S.C. § 271(b);

c.    contributing the infringement by others of the patented devices and methods in violation of 35 U.S.C. § 271(c); and

d.    acting in concert with others to infringe or cause joint or divided infringement of the patent.

72.    Upon information and belief, TiVo's continued infringement after learning of the patent is willful.

73.    TiVo's infringement has injured and damaged Verizon, and continues to do so. Unless enjoined by this Court, TiVo will continue its infringement, irreparably injuring Verizon.

**COUNT XI**
**INFRINGEMENT OF U.S. PATENT NO. 6,367,078**

74.    Verizon realleges and incorporates by reference the allegations of paragraphs 1-73.

75.    On April 2, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,367,078 ("the '078 patent"), titled "Electronic Program-Guide System with Sideways-Surfing Capability."  A true and correct copy of this patent is attached as Exhibit E hereto.

76.    Michael Lasky, the inventor of the '078 patent, assigned his ownership interest to Tele-TV. Tele-TV subsequently assigned its ownership interest to Bell Atlantic Video Services Company.  Bell Atlantic Video Services Company subsequently assigned its ownership interest to Bell Atlantic Entertainment and Information Services Group, Inc.  Bell Atlantic Entertainment and Information Services Group, Inc. subsequently assigned its ownership interest to VCI.

77.    TiVo appropriated the invention of the '078 patent by making and using the patented system and method in the United States in competition against companies owned by VCI and without the permission of, or making any compensation to, VCI.

78.    Upon information and belief, TiVo has been infringing and continues to infringe one or more claims of the '078 patent by doing the following things, among others, in connection with its STBs and related service offerings:

a.    making, causing to be made, using, selling, offering for sale, and/or importing systems, devices, and/or services that practice or embody the patented invention as part of their normal and intended operation; and using such systems, devices, and/or services, in violation of 35 U.S.C. § 271(a);

b.    actively inducing infringement of the patented method by encouraging others to use the patented invention, in violation of 35 U.S.C. § 271(b);

c.    contributing the infringement by others of the patented devices and methods in violation of 35 U.S.C. § 271(c); and

d.    acting in concert with others to infringe or cause joint or divided infringement of the patent.

79.    Upon information and belief, TiVo's continued infringement after learning of the patent is willful.

80.    TiVo's infringement has injured and damaged Verizon, and continues to do so. Unless enjoined by this Court, TiVo will continue its infringement, irreparably injuring Verizon.


**PRAYER FOR RELIEF**

WHEREFORE, Verizon prays that the Court enter judgment ordering as follows:

(a) adjudicating and declaring that Verizon has not infringed, directly or indirectly, any asserted claim of the TiVo Patents;

(b) adjudicating and declaring that each of the TiVo Patents is invalid;

(c) adjudicating and declaring that TiVo has infringed, directly and indirectly, Verizon's '344, '979, '684, '214, and '078 patents (the "Verizon Patents");

(d) adjudicating and declaring that TiVo's infringement of the Verizon Patents has been willful;

(e) enjoining further infringement of the Verizon Patents by TiVo and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them;

 (f) that TiVo accounts for and pays damages in an amount to be determined at trial, but not less than a reasonable royalty, to Verizon for TiVo's infringement of the Verizon Patents, and that such damages be trebled pursuant to 35 U.S.C. § 284;

(g) that TiVo pay Verizon's costs, expenses, and prejudgment interest as provided for by 35 U.S.C. § 284;

(h) if the facts demonstrate that this case is exceptional within the meaning of 35 U.S.C. § 285, awarding Verizon reasonable attorneys fees and costs reasonably incurred in prosecuting this action; and

(i) granting Verizon such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Verizon demands a jury trial on all issues so triable.

Dated:  February 24, 2010

Respectfully submitted,

/s/ Clyde M. Siebman
Clyde M. Siebman (#18341600)
SIEBMAN, BURG, PHILLIPS
   & SMITH LLP
Federal Courthouse Square
300 N. Travis Street
Sherman, TX 75090
Tel: (903) 870-0070
Fax: (903) 870-0066


Mark C. Hansen, *pro hac vice*
Michael K. Kellogg, *pro hac vice*
John Christopher Rozendaal, *pro hac vice*
KELLOGG, HUBER, HANSEN,
   TODD, EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C.  20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999


John Thorne*
Leonard C. Suchyta*
John P. Frantz*
Caren K. Khoo*
Verizon Services Corp.
1320 N. Courthouse Road
Arlington, VA 22201
Tel: (703) 351-3900

*Counsel for Verizon Communications Inc.,
Verizon Services Corp., and Verizon
Corporate Resources Group, LLC*

* moving for *pro hac vice* admission

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on February 24, 2010. Any other counsel of record will be served via electronic and first class mail.

/s/ Clyde M. Siebman
Clyde M. Siebman