# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| TiVo Inc., a Delaware corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>Verizon Communications, Inc.,<br>a Delaware corporation; Verizon Services<br>Corp., a Delaware corporation; and, Verizon<br>Corporate Resources Group, LLC, a Delaware<br>limited liability company,<br><br>        Defendants. | Case No. 2:09-cv-00257-DF<br><br>**DEMAND FOR JURY TRIAL** |

## TIVO INC.'S ANSWER AND REPLY TO VERIZON'S FIRST AMENDED COUNTERCLAIMS

Plaintiff TiVo Inc. hereby answers the allegations set forth by Verizon Communications, Inc. ("VCI"), Verizon Services Corp ("Services Corp."), and Verizon Corporate Resources Group, LLC ("Corporate Resources Group") (collectively "Defendants" or "Verizon") in its First Amended Counterclaims filed March 15, 2010.

## COUNTERCLAIMS

1.      TiVo denies the allegations set forth in Paragraph 1, except admits that Verizon purports to counterclaim for declaratory judgment under 28 U.S.C. § 2201 *et seq.*

2.      TiVo denies the allegations set forth in Paragraph 2, except admits that Verizon purports to counterclaim for patent infringement.

## THE PARTIES

3.      TiVo denies the allegations set forth in Paragraph 3, except admits, upon information and belief, that VCI is a corporation formed under Delaware law having a place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

4.      TiVo is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4 and therefore denies the same, except that TiVo admits, upon information and belief, that Services Corp. is a corporation formed under Delaware law with a place of business at 1320 North Court House Road, Arlington, Virginia 22201.

5.      TiVo admits, upon information and belief, the allegations set forth in Paragraph 5.

6.      TiVo admits the allegations set forth in Paragraph 6.

7.      TiVo denies the allegations set forth in Paragraph 7, except admits that some of TiVo's digital video recorder products can function as set-top boxes and that TiVo provides a nationwide service.

8.      TiVo admits the allegations set forth in Paragraph 8.

9.      TiVo denies the allegations set forth in Paragraph 9, except admits that it is in direct competition against companies wholly owned, directly or indirectly, by VCI.

## JURISDICTION AND VENUE

10.     TiVo admits that Verizon purports to state a counterclaim under the Patent Act, 35 U.S.C. § 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. The remaining allegations set forth in Paragraph 10 call for legal conclusions to which no response is required. To the extent a response is required, TiVo denies the allegations set forth in Paragraph 10.

11.     TiVo admits that personal jurisdiction is proper in this District. TiVo denies the remaining allegations set forth in Paragraph 11.

12.      TiVo denies the allegations set forth in Paragraph 12, except that it admits the Eastern District of Texas is a proper venue in connection with TiVo's First Amended Complaint and for these Counterclaims.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (U.S. Patent No. 6,233,389)

13.     TiVo incorporates by reference and restates its answers to Paragraphs 1 through 12 as if fully set forth herein.

14.     TiVo denies the allegations set forth in Paragraph 14, except admits that TiVo has alleged that Verizon has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 6,233,389.

15.     TiVo admits the allegations set forth in Paragraph 15.

16.     TiVo denies the allegations set forth in Paragraph 16.

17.     TiVo denies the allegations set forth in Paragraph 17.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (U.S. Patent No. 7,520,465)

18.     TiVo incorporates by reference and restates its answers to Paragraphs 1 through 17 as if fully set forth herein.

19.     This paragraph appears to contain a typographical error.  Assuming that Verizon intended to reference U.S. Patent No. 7,529,465, TiVo denies the allegations set forth in Paragraph 19, except admits that TiVo has alleged that Verizon has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent 7,529,465.

20.     TiVo admits the allegations set forth in Paragraph 20.

21.     TiVo denies the allegations set forth in Paragraph 21.

22.     TiVo denies the allegations set forth in Paragraph 22.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## (U.S. Patent No. 7,493,015)

23.     TiVo incorporates by reference and restates its answers to Paragraphs 1 through 22 as if fully set forth herein.

24.     TiVo denies the allegations set forth in Paragraph 24, except admits that TiVo has alleged that Verizon has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 7,493,015.

25.     TiVo admits the allegations set forth in Paragraph 25.

26.     TiVo denies the allegations set forth in Paragraph 26.

27.     TiVo denies the allegations set forth in Paragraph 27.

## COUNT IV
## DECLARATORY JUDGMENT OF INVALIDITY
## (U.S. Patent No. 6,233,389)

28.     TiVo incorporates by reference and restates its answers to Paragraphs 1 through 27 as if fully set forth herein.

29.     TiVo admits the allegations set forth in Paragraph 29.

30.     TiVo denies the allegations set forth in Paragraph 30.

31.     TiVo denies the allegations set forth in Paragraph 31, except that TiVo admits there is an actual, immediate, and justiciable controversy between the parties.

32.     TiVo denies the allegations set forth in Paragraph 32.

33.     TiVo denies the allegations set forth in Paragraph 33.

## COUNT V
## DECLARATORY JUDGMENT OF INVALIDITY
### (U.S. Patent No. 7,520,465)

34.     TiVo incorporates by reference and restates its answers to Paragraphs 1 through 33 as if fully set forth herein.

35.     This paragraph appears to contain a typographical error.  Assuming that Verizon intended to reference U.S. Patent No. 7,529,465, TiVo admits the allegations set forth in Paragraph 35.

36.     TiVo denies the allegations set forth in Paragraph 36.

37.     TiVo admits the allegations set forth in Paragraph 37.

38.     TiVo denies the allegations set forth in Paragraph 38.

39.     TiVo denies the allegations set forth in Paragraph 39.

## COUNT VI
## DECLARATORY JUDGMENT OF INVALIDITY
### (U.S. Patent No. 7,493,015)

40.     TiVo incorporates by reference and restates its answers to Paragraphs 1 through 39 as if fully set forth herein.

41.     This paragraph appears to contain a typographical error.  Assuming that Verizon intended to reference U.S. Patent No. 7,493,015, TiVo admits the allegations set forth in Paragraph 41.

42.     TiVo denies the allegations set forth in Paragraph 42.

43.     TiVo admits the allegations set forth in Paragraph 43.

44.     TiVo denies the allegations set forth in Paragraph 44.

45.     TiVo denies the allegations set forth in Paragraph 45.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 5,410,344

46.     TiVo incorporates by reference and restates its answers to Paragraphs 1 through 45 as if fully set forth herein.

47.     TiVo admits that on its face, the '344 patent is entitled *Apparatus and Method of Selecting Video Programs Based on Viewers' Preferences*, and shows an issue date of April 25, 1995. TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 and therefore denies the same.

48.     TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 and therefore denies the same.

49.     TiVo denies the allegations set forth in Paragraph 49.

50.     TiVo denies the allegations set forth in Paragraph 50.

51.     TiVo denies the allegations set forth in Paragraph 51.

52.     TiVo denies the allegations set forth in Paragraph 52.

## COUNT VIII
## INFRINGEMENT OF U.S. PATENT NO. 5,635,979

53.     TiVo incorporates by reference and restates its answers to Paragraphs 1 through 52 as if fully set forth herein.

54.     TiVo admits that on its face, the '979 patent is entitled *Dynamically Programmable Digital Entertainment Terminal Using Downloaded Software to Control Broadband Data Operations*, and shows an issue date of June 3, 1997. TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 and therefore denies the same.

55.     TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 and therefore denies the same.

56.     TiVo denies the allegations set forth in Paragraph 56.

57.     TiVo denies the allegations set forth in Paragraph 57.

58.     TiVo denies the allegations set forth in Paragraph 58.

59.     TiVo denies the allegations set forth in Paragraph 59.

## COUNT IX
## INFRINGEMENT OF U.S. PATENT NO. 5,973,684

60.     TiVo incorporates by reference and restates its answers to Paragraphs 1 through 59 as if fully set forth herein.

61.     TiVo admits that on its face, the '684 patent is entitled *Digital Entertainment Terminal Providing Dynamic Execution in Video Dial Tone Networks*, and shows an issue date of October 26, 1999. TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 and therefore denies the same.

62.     TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 and therefore denies the same.

63.     TiVo denies the allegations set forth in Paragraph 63.

64.     TiVo denies the allegations set forth in Paragraph 64.

65.     TiVo denies the allegations set forth in Paragraph 65.

66.     TiVo denies the allegations set forth in Paragraph 66.

## COUNT X
## INFRINGEMENT OF U.S. PATENT NO. 7,561,214

67.     TiVo incorporates by reference and restates its answers to Paragraphs 1 through 66 as if fully set forth herein.

68.     TiVo admits that on its face, the '214 patent is entitled *Two-dimensional Navigation of Multiplexed Channels in a Digital Video Distribution System*, and shows an issue date of July 14, 2009. TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 and therefore denies the same.

69.     TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 and therefore denies the same.

70.     TiVo denies the allegations set forth in Paragraph 70.

71.     TiVo denies the allegations set forth in Paragraph 71.

72.     TiVo denies the allegations set forth in Paragraph 72.

73.     TiVo denies the allegations set forth in Paragraph 73.

**COUNT XI**
**INFRINGEMENT OF U.S. PATENT NO. 6,367,078**

74.     TiVo incorporates by reference and restates its answers to Paragraphs 1 through 73 as if fully set forth herein.

75.     TiVo admits that on its face, the '078 patent is entitled *Electronic Program-Guide System with Sideways-Surfing Capability*, and shows an issue date of April 2, 2002. TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 and therefore denies the same.

76.     TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 and therefore denies the same.

77.     TiVo denies the allegations set forth in Paragraph 77.

78.     TiVo denies the allegations set forth in Paragraph 78.

79.     TiVo denies the allegations set forth in Paragraph 79.

80.     TiVo denies the allegations set forth in Paragraph 80.

## COUNT XII
## INFRINGEMENT OF U.S. PATENT NO. 6,381,748

81.     TiVo incorporates by reference and restates its answers to Paragraphs 1 through 80 as if fully set forth herein.

82.     TiVo admits that on its face, the '748 patent is entitled *Apparatus And Methods For Network Access Using A Set Top Box And Television*. TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 and therefore denies the same.

83.     TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 and therefore denies the same.

84.     TiVo denies the allegations set forth in Paragraph 84.

85.     TiVo denies the allegations set forth in Paragraph 85.

86.     TiVo denies the allegations set forth in Paragraph 86.

87.     TiVo denies the allegations set forth in Paragraph 87.

## PRAYER FOR RELIEF

This section of Verizon's Counterclaim constitutes Prayers for Relief that do not require a response.  TiVo denies that Verizon is entitled to any of the requested relief.  Each averment or allegation contained in Verizon's Counterclaim that is not specifically admitted herein is hereby denied.

## DEMAND FOR JURY TRIAL

TiVo demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

TiVo's Affirmative Defenses are listed below.  TiVo reserves the right to add additional Affirmative Defenses consistent with the facts discovered in the case.  Collectively, hereinafter,

U.S. Patent Nos. 5,410,344; 5,635,979; 5,973,684; 7,561,214; 6,367,078; and 6,381,748 will be referred to as "the Verizon Asserted Patents."

## FIRST AFFIRMATIVE DEFENSE

Verizon's claim for relief along with its allegations in the Counterclaim, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

TiVo does not infringe and has not infringed (either directly, contributory, or by inducement) any valid, enforceable claim of the Verizon Asserted Patents.

## THIRD AFFIRMATIVE DEFENSE

One or more claims of the Verizon Asserted Patents are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE

Verizon's ability to recover for any alleged infringement is limited by the failure of Verizon and its licensees to meet the requirements of 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE

Verizon's claims are barred in whole or in part by laches, waiver, estoppel, or acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

Verizon is estopped from construing or interpreting the claims to cover any acts of TiVo by reason of proceedings in the United States Patent and Trademark Office during prosecution of the applications upon which the patents issued, and the admissions and representation made therein to the PTO on behalf of the applications.

## SEVENTH AFFIRMATIVE DEFENSE

Verizon's infringement claim is barred, in-whole or in-part, under the doctrines of patent exhaustion or implied or express license.

## EIGHTH AFFIRMATIVE DEFENSE

Verizon's recovery for alleged infringement of Verizon Asserted Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Counterclaim, pursuant to 35 U.S.C. § 286.

## NINTH AFFIRMATIVE DEFENSE

Verizon is barred from any recovery under the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Verizon asserts that TiVo indirectly infringes, either by contributory infringement or inducement of infringement, TiVo is not liable to Verizon for the acts alleged to have been performed before TiVo knew that its actions would cause indirect infringement.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that any of Verizon's allegations of infringement are premised on the alleged use, sale, or offer for sale of methods, systems, apparatuses, or products that were practiced or implemented by or for a licensee of Verizon or its predecessors-in-interest, such allegations are barred pursuant to said license agreements.

TiVo reserves the right to assert additional defenses as may be warranted by discovery or further investigation in this action.

## TWELFTH AFFIRMATIVE DEFENSE

Verizon's claims are barred in whole or in part by the doctrine of prosecution laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

Verizon lacks standing to bring all or some of the claims asserted in its Counterclaims.

## FOURTEENTH AFFIRMATIVE DEFENSE

As set forth in the following paragraphs, United States Patent 6,367,078 ("the '078 Patent") and 7,561,214 (the '214 Patent) are unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("PTO"):

a.      The '078 Patent relates to two dimensional channel selection in an interactive electronic program-guide ("EPG").  For example, the '078 Patent discloses that "in TV mode, the EPG system responds to up and down arrow keys."  '078 Patent col. 6. ll. 20-21 (figure numbers omitted).  It also discloses that a TV "viewer can also find a program that may be of interest by surfing sideways to the left, which the viewer accomplishes by pressing the left arrow key.   An arrow pointing to the right indicates that the viewer can surf to such a program at a higher-numbered channel by pressing the right-arrow key."   '078 Patent col. 6. ll. 37-42 (figure numbers omitted).

b.      The '214 Patent relates to a "two-dimensional channel navigation technique in which a channel up or down key is used to allow a viewer to sequence vertically through anchor channels of a number of different broadcast providers, which a channel right or left key is used to allow the viewer to sequence horizontally through one or more multiplex channels associated with a given anchor channel from a given broadcast provider." '214 Patent col 2. ll. 44-51.

c.      The '078 Patent and the '214 Patent claim similar inventions as shown in the following exemplary claims (underlining added):

| Exemplar Claim of 6,367,078 | Exemplar Claim of 7,561,214 |
|---|---|
| 7. An apparatus for providing <u>channel selection</u>, the apparatus comprising: | 1. An apparatus for providing <u>channel selection</u>, the apparatus comprising: |
| <u>a receiver operative to receive a plurality of channels</u>, to display a first channel, and indicate if there is one or more content-related channels having content in a same category as a content of the first channel; | <u>a receiver operative to receive a plurality of channels</u>, at least one of the channels being an anchor channel having at least one multiplexed channel associated therewith; the receiver configured to superimpose selectively an indication over a display of a channel of the plurality of channels; |
| <u>a first channel control switch</u> configured to provide <u>numerically sequential navigation</u> of said plurality of channels; and | <u>a first channel control switch to sequentially navigate</u> the plurality of channels; and |
| <u>a second channel control switch</u>, different from said first channel control switch configured to provide a navigation of the one or more content-related channels | <u>a second channel control switch</u> to navigate said at least one multiplexed channel. |

d.      Because the specifications discuss similar technology and the two patents claim similar inventions, the information disclosed in the '078 Patent, including the specification and the art cited in the prosecution of the patent, is material to the patentability of the '214 Patent.

e.      Because the specifications discuss similar technology and the two patents claim similar inventions, the information disclosed in the '214 Patent, including the specification and the art cited in the prosecution of the patent, is material to the patentability of the '078 Patent.

f.      On or about December 12, 1997, the application that lead to the '078 Patent was filed by attorney Anthony C. Coles, PTO Registration Number 34,139, on behalf of the applicant, Michael Lasky.

g.      The PTO issued its first office action in response to the '078 Patent application on or about January 13, 2000.  Though this office action, the examiner informed Mr. Coles and the other individuals associated with the filing and prosecution of the '078 Patent that:

> The listing of references in the specification is not a proper information disclosure statement. 37 CFR 1.98(b) requires a list of all patents, publications, or other information submitted for consideration by the Office, and MPEP § 609 A(1)

states, "the list may not be incorporated into the specification but must be submitted in a separate paper." Therefore, unless the references have been cited by the examiner on form PTO-892, they have not been considered.

h.      Mr. Coles, as well as the other individuals associated with the filing and prosecution of the '078 Patent, was thereby reminded of his duty to disclose information to the PTO.

i.      On or about January 13, 2000, the PTO examiner issued an office action and rejected the claims of the '078 patent's initial application as unpatentable over U.S. Patent 5,822,123 to Davis and provided reasons therefore.

j.      The examiner also specifically identified the following references as "pertinent to applicant's disclosure," U.S. Patent Nos.:    5,880,768, 5,621,456, 5,812,123, 5,986,650, 5,629,733, 5,589,892, 5,963,269, 5,585,865, 5,296,931 ("the January 13, 2000 art").

k.      On or about August 10, 2001, Mr. Coles responded to the January 13, 2000 office action on behalf of the applicant.  Mr. Coles's response acknowledges the January 13, 2000 office action and makes arguments and amendments in an attempt to distinguish over the U.S. Patent No. 5,822,123 to Davis.  Mr. Coles acknowledges that the Patent 5,822,123 to Davis "shows a system whereby a user can enter a content-specific channel navigation mode."

l.      By virtue of his office action response, Mr. Coles was aware of the January 13, 2000 art and specifically considered the Patent No. 5,822,123 to Davis.

m.      Mr. Coles is an individual associated with the filing and prosecution of the '078 patent.

n.      Mr. Coles is also an attorney of record in the prosecution of the '214 Patent.

o.      On or about December 27, 1999, the PTO issued an office action in the '214 Patent case.  In that office action, the examiner rejected certain claims in the '214 Patent application as being unpatentable over U.S. Patent No. 5,982,411 to Eyer, et. al.  The examiner

also rejected certain claims in the '214 Patent as being unpatentable over U.S. Patent No. 5,982,411 to Eyer, et. al. in view of U.S. Patent No. 5,978,043 to Blonstein, et. al.  The examiner also rejected certain claims in the '214 Patent as being unpatentable over U.S. Patent No. 5,982,411 to Eyer, et. al. in view of U.S. Patent No. 5,793,438 to Bedard.  The examiner also rejected certain claims in the '214 Patent as being unpatentable over U.S. Patent No. 5,982,411 to Eyer, et. al. in view of U.S. Patent No. 5,978,043 to Blonstein, et. al., and further in view of U.S. Patent No. 5,301,028 to Banker. et. al.  The examiner also rejected certain claims in the '214 Patent as being unpatentable over U.S. Patent No. 5,982,411 to Eyer, et. al. in view of U.S. Patent No. 5,152,012 to Schwob.

p.      On or about December 27, 1999, the examiner also specifically identified the following references as "pertinent to applicant's disclosure,"  U.S. Patent Nos.: 5,793,366, 5,883,680, 5,594,509, 5,703,795, 5,200,823, 5,894,320, 5,585,866, 5,790,198 ("the December 27, 1999 art").

q.      On or about August 10, 2001, Mr. Coles responded to the December 27, 1999 office action.  In the office action response, Mr. Coles acknowledged the examiner's rejections and made arguments and amendments attempting to distinguish the '214 patent from Patent No. 5,982,411 to Eyer, et. al.  Mr. Coles was therefore aware of the art cited in the December 27, 1999 office action.

r.      Mr. Coles is an individual associated with the filing and prosecution of the '214 patent.

s.      Mr. Coles failed to disclose non-cumulative material information to the PTO during the prosecution of the '078 Patent:

- o During the prosecution of the '078 Patent, Mr. Coles failed to disclose the co-pending '214 Patent application, which is materially similar to the '078 Patent and non-cumulative of the art disclosed during the prosecution of the '078 Patent.

- o During the prosecution of the '078 Patent, Mr. Coles failed to disclose U.S. Patent No. 5,982,411 to Eyer, et. al., U.S. Patent No. 5,978,043 to Blonstein, et. al., U.S. Patent No. 5,793,438 to Bedard, U.S. Patent No. 5,301,028 to Banker, et. al., and Patent No. 5,152,012 to Schwob.  By virtue of the examiner's arguments made during the prosecution of the '214 Patent, these references are material and non-cumulative of the art disclosed during the prosecution of the '078 Patent.

- o During the prosecution of the '078 Patent, Mr. Coles failed to disclose the December 27, 1999 art.  By virtue of the examiner's statement that the December 27, 1999 art is "pertinent to applicant's disclosure" in the '214 Patent and that the '078 Patent is similar to the '214 Patent, the December 27, 1999 art was also material and non-cumulative of the art disclosed during the prosecution of the '078 Patent.

t.      The art cited in Paragraph "s" was not disclosed to, or considered by, the examiner during the prosecution of the '078 Patent.

u.      Mr. Coles failed to disclose non-cumulative material information to the PTO during the prosecution of the '214 Patent:

- o During the prosecution of the '214 Patent, Mr. Coles failed to disclose the co-pending '078 Patent application, which is materially similar to the '214 Patent and non-cumulative of the art disclosed during the prosecution of the '214 Patent.

o   During the prosecution of the '214 Patent, Mr. Coles failed to disclose U.S. Patent 5,822,123 to Davis.  By virtue of the examiner's arguments made during the prosecution of the '078 Patent, this reference is material and non-cumulative of the art disclosed during the prosecution of the '214 Patent.

o   During the prosecution of the '214 Patent, Mr. Coles failed to disclose the January 13, 2000 art.  By virtue of the examiner's statement that the January 13, 2000 art is "pertinent to applicant's disclosure" in the '078 Patent and that the '214 Patent is similar to the '078 Patent, the January 13, 2000 art was also material and non-cumulative of the art disclosed during the prosecution of the '214 Patent.

v.      The art cited in Paragraph "u" was not disclosed to, or considered by, the examiner during the prosecution of the  '214 Patent.

w.      Mr. Coles responded to office actions during the prosecution of both the '078 Patent and the '214 Patent on the same day, August 10, 2001.  Because Mr. Coles was working on similar cases during similar time frames, because he responded to the first office actions in each case on the same day, but that he failed to disclose material, non-cumulative information in both cases to the PTO, on information and belief, Mr. Coles's failure to disclose this information was an intentional effort to deceive the PTO.

x.      Further, despite the examiner's reminder to disclose art through an information disclosure statement, no information disclosure statement was submitted by the applicant or any individual associated with the prosecution of the '078 patent.  Mr. Coles's intent to deceive the PTO can be further inferred because, despite the examiner's reminder, he did not submit an information disclosure statement.

## TIVO'S COUNTERCLAIMS

Counterclaim Plaintiff, TiVo Inc., ("TiVo"), asserts the following Counterclaims against Defendants, Verizon Communications, Inc. ("VCI"), Verizon Services Corp. ("Services Corp."), and Verizon Corporate Resources Group LLC ("Corporate Resources Group") (collectively, "Verizon"):

1.      These Counterclaims include claims for declaratory judgment under 28 U.S.C. § 2201 *et seq*., that United States Patent Nos. 5,410,344; 5,635,979; 5,973,684; 7,561,214; 6,367,078; and 6,381,748 (the "Verizon Patents") are invalid and have not been infringed by TiVo, and that Patents 6,367,078 and 7,561,214 are unenforceable.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (U.S. Patent No. 5,410,344)

2.      TiVo realleges and incorporates by reference the allegations of its First Amended Complaint and Paragraph 1 of TiVo's Counterclaims.

3.      Verizon has alleged in this action that TiVo has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 5,410,344 ("the '344 patent"). TiVo denies that it has infringed, contributed to others' infringement, or induced others to infringe the '344 patent.

4.      There accordingly is an actual, immediate, and justiciable controversy between the parties.

5.      TiVo is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any of the '344 patent.

6.      TiVo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (U.S. Patent No. 5,635,979)

7.      TiVo realleges and incorporates by references the allegations of paragraphs 1-6.

8.      Verizon has alleged in this action that TiVo has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 5,635,979 ("the '979 patent"). TiVo denies that it has infringed, contributed to others' infringement, or induced others to infringe the '979 patent.

9.      There accordingly is an actual, immediate, and justiciable controversy between the parties.

10.     TiVo is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any of the '979 patent.

11.     TiVo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (U.S. Patent No. 5,973,684)

12.     TiVo realleges and incorporates by references the allegations of paragraphs 1-11.

13.     Verizon has alleged in this action that TiVo has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 5,973,684 ("the '684 patent"). TiVo denies that it has infringed, contributed to others' infringement, or induced others to infringe the '684 patent.

14.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

15.     TiVo is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any of the '684 patent.

16.     TiVo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT IV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## (U.S. Patent No. 7,561,214)

17.     TiVo realleges and incorporates by references the allegations of paragraphs 1-16.

18.     Verizon has alleged in this action that TiVo has infringed, contributed to others'
infringement, and induced others to infringe U.S. Patent No. 7,561,214  ("the '214 patent").
TiVo denies that it has infringed, contributed to others' infringement, or induced others to
infringe the '214 patent.

19.     There accordingly is an actual, immediate, and justiciable controversy between
the parties.

20.     TiVo is entitled to a declaration by the Court that it has not infringed and is not
infringing, has not contributed to and is not contributing to infringement, and has not induced
and is not inducing the infringement of any of the '214 patent.

21.     TiVo is entitled to further necessary or proper relief based on the Court's
declaratory judgment or decree.

## COUNT V
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## (U.S. Patent No. 6,367,078)

22.     TiVo realleges and incorporates by references the allegations of paragraphs 1-21.

23.     Verizon has alleged in this action that TiVo has infringed, contributed to others'
infringement, and induced others to infringe U.S. Patent No. 6,367,078  ("the '078 patent").
TiVo denies that it has infringed, contributed to others' infringement, or induced others to
infringe the '078 patent.

24.     There accordingly is an actual, immediate, and justiciable controversy between
the parties.

25.     TiVo is entitled to a declaration by the Court that it has not infringed and is not
infringing, has not contributed to and is not contributing to infringement, and has not induced
and is not inducing the infringement of any of the '078 patent.

26.     TiVo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

### COUNT VI
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (U.S. Patent No. 6,381,748)

27.     TiVo realleges and incorporates by references the allegations of paragraphs 1-26.

28.     Verizon has alleged in this action that TiVo has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 6,381,748 ("the '748 patent"). TiVo denies that it has infringed, contributed to others' infringement, or induced others to infringe the '748 patent.

29.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

30.     TiVo is entitled to a declaration by the Court that it has not infringed and is not infringing, has not contributed to and is not contributing to infringement, and has not induced and is not inducing the infringement of any of the '748 patent.

31.     TiVo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

### COUNT VII
### DECLARATORY JUDGMENT OF INVALIDITY
### (U.S. Patent No. 5,410,344)

32.     TiVo realleges and incorporates by reference the allegations of paragraphs 1-31.

33.     Verizon has alleged in this action that TiVo has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 5,410,344 ("the '344 patent").

34.     The '344 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

35.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

36.     TiVo is entitled to a declaration by the Court that one or more claims of the '344

patent is invalid.

37.     TiVo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT VIII
## DECLARATORY JUDGMENT OF INVALIDITY
### (U.S. Patent No. 5,635,979)

38.     TiVo realleges and incorporates by reference the allegations of paragraphs 1-37.

39.     Verizon has alleged in this action that TiVo has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 5,635,979 ("the '979 patent").

40.     The '979 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

41.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

42.     TiVo is entitled to a declaration by the Court that one or more claims of the '979 patent is invalid.

43.     TiVo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT IX
## DECLARATORY JUDGMENT OF INVALIDITY
### (U.S. Patent No. 5,973,684)

44.     TiVo realleges and incorporates by reference the allegations of paragraphs 1-43.

45.     Verizon has alleged in this action that TiVo has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 5,973,684 ("the '684 patent").

46.     The '684 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

47.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

48.     TiVo is entitled to a declaration by the Court that one or more claims of the '684 patent is invalid.

49.     TiVo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT X
## DECLARATORY JUDGMENT OF INVALIDITY
### (U.S. Patent No. 7,561,214)

50.     TiVo realleges and incorporates by reference the allegations of paragraphs 1-49.

51.     Verizon has alleged in this action that TiVo has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 7,561,214 ("the '214 patent").

52.     The '214 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

53.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

54.     TiVo is entitled to a declaration by the Court that one or more claims of the '214 patent is invalid.

55.     TiVo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT XI
## DECLARATORY JUDGMENT OF INVALIDITY
### (U.S. Patent No. 6,367,078)

56.     TiVo realleges and incorporates by reference the allegations of paragraphs 1-55.

57.     Verizon has alleged in this action that TiVo has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 6,367,078 ("the '078 patent").

58.     The '078 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

59.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

60.     TiVo is entitled to a declaration by the Court that one or more claims of the '078 patent is invalid.

61.     TiVo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT XII
## DECLARATORY JUDGMENT OF INVALIDITY
### (U.S. Patent No. 6,381,748)

62.     TiVo realleges and incorporates by reference the allegations of paragraphs 1-61.

63.     Verizon has alleged in this action that TiVo has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 6,381,748 ("the '748 patent").

64.     The '748 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

65.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

66.     TiVo is entitled to a declaration by the Court that one or more claims of the '748 patent is invalid.

67.     TiVo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT XIII
## DECLARATORY JUDGMENT OF UNENFORCEABILITY
### (U.S. Patent No. 6,367,078)

68.     TiVo realleges and incorporates by reference the allegations of paragraphs 1-67.

69.     Verizon has alleged in this action that TiVo has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 6,367,078 ("the '078 Patent").

70.     The '078 Patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("PTO").

71.     The '078 Patent relates to two dimensional channel selection in an interactive electronic program-guide ("EPG").  For example, the '078 Patent discloses that "in TV mode, the EPG system responds to up and down arrow keys."  '078 Patent col. 6. ll. 20-21 (figure numbers omitted).  It also discloses that a TV "viewer can also find a program that may be of

interest by surfing sideways to the left, which the viewer accomplishes by pressing the left arrow key.   An arrow pointing to the right indicates that the viewer can surf to such a program at a higher-numbered channel by pressing the right-arrow key."   '078 Patent col. 6., ll. 37-42 (figure numbers omitted).

72.     U.S. Patent 7,561,214 ("the '214 Patent") relates to a "two-dimensional channel navigation technique in which a channel up or down key is used to allow a viewer to sequence vertically through anchor channels of a number of different broadcast providers, which a channel right or left key is used to allow the viewer to sequence horizontally through one or more multiplex channels associated with a given anchor channel from a given broadcast provider." '214 Patent col. 2., ll. 44-51.

73.     The '078 Patent and the '214 Patent claim similar inventions as shown in the following exemplary claims (underlining added):

| Exemplar Claim of 6,367,078 | Exemplar Claim of 7,561,214 |
| --- | --- |
| 7. An apparatus for providing <u>channel selection</u>, the apparatus comprising: | 1. An apparatus for providing <u>channel selection</u>, the apparatus comprising: |
| <u>a receiver operative to receive a plurality of channels</u>, to display a first channel, and indicate if there is one or more content-related channels having content in a same category as a content of the first channel; | <u>a receiver operative to receive a plurality of channels</u>, at least one of the channels being an anchor channel having at least one multiplexed channel associated therewith; the receiver configured to superimpose selectively an indication over a display of a channel of the plurality of channels; |
| <u>a first channel control switch</u> configured to provide <u>numerically sequential navigation</u> of said plurality of channels; and | <u>a first channel control switch to sequentially navigate</u> the plurality of channels; and |
| <u>a second channel control switch</u>, different from said first channel control switch configured to provide a navigation of the one or more content-related channels | <u>a second channel control switch</u> to navigate said at least one multiplexed channel. |

74.     Because the specifications discuss similar technology and the two patents claim similar inventions, the information disclosed in the '078 Patent, including the specification and the art cited in the prosecution of the patent, is material to the patentability of the '214 Patent.

75.     Because the specifications discuss similar technology and the two patents claim

similar inventions, the information disclosed in the '214 Patent, including the specification and the art cited in the prosecution of the patent, is material to the patentability of the '078 Patent.

76.     On or about December 12, 1997, the application that lead to the '078 Patent was filed by attorney Anthony C. Coles, PTO Registration Number 34,139, on behalf of the applicant, Michael Lasky.

77.     The PTO issued its first office action in response to the '078 Patent's application on or about January 13, 2000.  Though this office action, the examiner informed Mr. Coles and the other individuals associated with the filing and prosecution of the '078 Patent that:

> The listing of references in the specification is not a proper information disclosure statement. 37 CFR 1.98(b) requires a list of all patents, publications, or other information submitted for consideration by the Office, and MPEP § 609 A(1) states, "the list may not be incorporated into the specification but must be submitted in a separate paper."  Therefore, unless the references have been cited by the examiner on form PTO-892, they have not been considered.

78.     Mr. Coles, as well as the other individuals associated with the filing and prosecution of the '078 Patent, was thereby reminded of his duty to disclose information to the PTO.

79.     On or about January 13, 2000, the PTO examiner issued an office action and rejected the claims of the '078 patent's initial application as unpatentable over U.S. Patent 5,822,123 to Davis and provided reasons therefore.

80.     The examiner also specifically identified the following references as "pertinent to applicant's disclosure," U.S. Patent Nos.:     5,880,768, 5,621,456, 5,812,123, 5,986,650, 5,629,733, 5,589,892, 5,963,269, 5,585,865, 5,296,931 ("the January 13, 2000 art").

81.     On or about August 10, 2001, Mr. Coles responded to the January 13, 2000 office action on behalf of the applicant.  Mr. Coles's response acknowledges the January 13, 2000 office action and makes arguments and amendments in an attempt to distinguish over the U.S. Patent No. 5,822,123 to Davis.  Mr. Coles acknowledges that the Patent 5,822,123 to Davis "shows a system whereby a user can enter a content-specific channel navigation mode."

82.     By virtue of his office action response, Mr. Coles was aware of the January 13,

2000 art and specifically considered the Patent No. 5,822,123 to Davis.

83.    Mr. Coles is an individual associated with the filing and prosecution of the '078 patent.

84.    Mr. Coles is also an attorney of record in the prosecution of the '214 Patent.

85.    On or about December 27, 1999, the PTO issued an office action in the '214 Patent case.   In that office action, the examiner rejected certain claims in the '214 Patent application as being unpatentable over U.S. Patent No. 5,982,411 to Eyer, et. al.  The examiner also rejected certain claims in the '214 Patent as being unpatentable over U.S. Patent No. 5,982,411 to Eyer, et. al. in view of U.S. Patent No. 5,978,043 to Blonstein ,et. al.  The examiner also rejected certain claims in the '214 Patent as being unpatentable over U.S. Patent No. 5,982,411 to Eyer, et. al. in view of U.S. Patent No. 5,793,438 to Bedard.  The examiner also rejected certain claims in the '214 Patent as being unpatentable over U.S. Patent No. 5,982,411 to Eyer et. al. in view of U.S. Patent No. 5,978,043 to Blonstein, et. al., and further in view of U.S. Patent No. 5,301,028 Banker, et. al.  The examiner also rejected certain claims in the '214 Patent as being unpatentable over U.S. Patent No. 5,982,411 to Eyer, et. al. in view of U.S. Patent No. 5,152,012 to Schwob.

86.    On or about December 27, 1999, the examiner also specifically identified the following references as "pertinent to applicant's disclosure,"   U.S. Patent Nos.: 5,793,366, 5,883,680, 5,594,509, 5,703,795, 5,200,823, 5,894,320, 5,585,866, 5,790,198 ("the December 27, 1999 art").

87.    On or about August 10, 2001, Mr. Coles responded to the December 27, 1999 office action.  In the office action response, Mr. Coles acknowledged the examiner's rejections and made arguments and amendments attempting to distinguish the '214 patent from Patent No. 5,982,411 to Eyer, et. al.  Mr. Coles was therefore aware of the art cited in the December 27, 1999 office action.

88.    Mr. Coles is an individual associated with the filing and prosecution of the '214 patent.

89.     Mr. Coles failed to disclose non-cumulative material information to the PTO during the prosecution of the '078 Patent:

    a.     During the prosecution of the '078 Patent, Mr. Coles failed to disclose the co-pending '214 Patent application, which is materially similar to the '078 Patent and non-cumulative of the art disclosed during the prosecution of the '078 Patent.

    b.     During the prosecution of the '078 Patent, Mr. Coles failed to disclose U.S. Patent No. 5,982,411 to Eyer, et. al., U.S. Patent No. 5,978,043 to Blonstein, et. al., U.S. Patent No. 5,793,438 to Bedard, U.S. Patent No. 5,301,028 to Banker, et. al., and Patent No. 5,152,012 to Schwob.  By virtue of the examiner's arguments made during the prosecution of the '214 Patent, these references are material and non-cumulative of the art disclosed during the prosecution of the '078 Patent.

    c.     During the prosecution of the '078 Patent, Mr. Coles failed to disclose the December 27, 1999 art.  By virtue of the examiner's statement that the December 27, 1999 art is "pertinent to applicant's disclosure" in the '214 Patent and that the '078 Patent is similar to the '214 Patent, the December 27, 1999 art was also material and non-cumulative of the art disclosed during the prosecution of the '078 Patent.

90.     The art cited in Paragraph 89 was not disclosed to, or considered by, the examiner during the prosecution of the '078 Patent.

91.     Mr. Coles responded to office actions during the prosecution of both the '078 Patent and the '214 Patent on the same day, August 10, 2001.  Because Mr. Coles was working on similar cases during similar time frames, because he responded to the first office actions in each case on the same day, but that he failed to disclose material, non-cumulative information in both cases to the PTO, on information and belief, Mr. Coles's failure to disclose this information

was an intentional effort to deceive the PTO.

92.     Further, despite the examiner's reminder to disclose art through an information disclosure statement, no information disclosure statement was submitted by the applicant or any individual associated with the prosecution of the '078 patent.  Mr. Coles's intent to deceive the PTO can be further inferred because, despite the examiner's reminder, he did not submit an information disclosure statement.

93.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

94.     TiVo is entitled to a declaration by the Court that the '078 Patent is unenforceable due to inequitable conduct.

95.     TiVo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT XIV
## DECLARATORY JUDGMENT OF UNENFORCEABILITY
## (U.S. Patent No. 7,561,214)

96.     TiVo realleges and incorporates by reference the allegations of paragraphs 1-95.

97.     Verizon has alleged in this action that TiVo has infringed, contributed to others' infringement, and induced others to infringe U.S. Patent No. 7,561,214 ("the '214 Patent").

98.     The '214 Patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("PTO").

99.     U.S. Patent No. 6,367,078 ("the '078 Patent") relates to two dimensional channel selection in an interactive electronic program-guide ("EPG").  For example, the '078 Patent discloses that "in TV mode, the EPG system responds to up and down arrow keys."  '078 Patent col. 6. ll. 20-21 (figure numbers omitted).  It also discloses that a TV "viewer can also find a program that may be of interest by surfing sideways to the left, which the viewer accomplishes by pressing the left arrow key.   An arrow pointing to the right indicates that the viewer can surf to such a program at a higher-numbered channel by pressing the right-arrow key."   '078 Patent

col. 6. ll. 37-42 (figure numbers omitted).

100.    The '214 Patent relates to a "two-dimensional channel navigation technique in which a channel up or down key is used to allow a viewer to sequence vertically through anchor channels of a number of different broadcast providers, which a channel right or left key is used to allow the viewer to sequence horizontally through one or more multiplex channels associated with a given anchor channel from a given broadcast provider." '214 Patent col 2. ll. 44-51.

101.    The '078 Patent and the '214 Patent claim similar inventions as shown in the following exemplary claims (underlining added):

| Exemplar Claim of 6,367,078 | Exemplar Claim of 7,561,214 |
|---|---|
| 7. An apparatus for providing channel selection, the apparatus comprising: | 1. An apparatus for providing channel selection, the apparatus comprising: |
| a receiver operative to receive a plurality of channels, to display a first channel, and indicate if there is one or more content-related channels having content in a same category as a content of the first channel; | a receiver operative to receive a plurality of channels, at least one of the channels being an anchor channel having at least one multiplexed channel associated therewith; the receiver configured to superimpose selectively an indication over a display of a channel of the plurality of channels; |
| a first channel control switch configured to provide numerically sequential navigation of said plurality of channels; and | a first channel control switch to sequentially navigate the plurality of channels; and |
| a second channel control switch, different from said first channel control switch configured to provide a navigation of the one or more content-related channels | a second channel control switch to navigate said at least one multiplexed channel. |

102.    Because the specifications discuss similar technology and the two patents claim similar inventions, the information disclosed in the '078 Patent, including the specification and the art cited in the prosecution of the patent, is material to the patentability of the '214 Patent.

103.    Because the specifications discuss similar technology and the two patents claim similar inventions, the information disclosed in the '214 Patent, including the specification and the art cited in the prosecution of the patent, is material to the patentability of the '078 Patent.

104.    On or about December 12, 1997, the application that lead to the '078 Patent was filed by attorney Anthony C. Coles, PTO Registration Number 34,139, on behalf of the

applicant, Michael Lasky.

105.    The PTO issued its first office action in response to the '078 Patent's application on or about January 13, 2000.  Though this office action, the examiner informed Mr. Coles and the other individuals associated with the filing and prosecution of the '078 Patent that:

> The listing of references in the specification is not a proper information disclosure statement. 37 CFR 1.98(b) requires a list of all patents, publications, or other information submitted for consideration by the Office, and MPEP § 609 A(1) states, "the list may not be incorporated into the specification but must be submitted in a separate paper."  Therefore, unless the references have been cited by the examiner on form PTO-892, they have not been considered.

106.    Mr. Coles, as well as the other individuals associated with the filing and prosecution of the '078 Patent, was thereby reminded of his duty to disclose information to the PTO.

107.    On or about January 13, 2000, the PTO examiner issued an office action and rejected the claims of the '078 patent's initial application as unpatentable over U.S. Patent 5,822,123 to Davis and provided reasons therefore.

108.    The examiner also specifically identified the following references as "pertinent to applicant's disclosure," U.S. Patent Nos.:    5,880,768, 5,621,456, 5,812,123, 5,986,650, 5,629,733, 5,589,892, 5,963,269, 5,585,865, 5,296,931 ("the January 13, 2000 art").

109.    On or about August 10, 2001, Mr. Coles responded to the January 13, 2000 office action on behalf of the applicant.  Mr. Coles's response acknowledges the January 13, 2000 office action and makes arguments and amendments in an attempt to distinguish over the U.S. Patent No. 5,822,123 to Davis.  Mr. Coles acknowledges that the Patent 5,822,123 to Davis "shows a system whereby a user can enter a content-specific channel navigation mode."

110.    By virtue of his office action response, Mr. Coles was aware of the January 13, 2000 art and specifically considered the Patent No. 5,822,123 to Davis.

111.    Mr. Coles is an individual associated with the filing and prosecution of the '078 patent.

112.    Mr. Coles is also an attorney of record in the prosecution of the '214 Patent.

113.     On or about December 27, 1999, the PTO issued an office action in the '214 Patent case.   In that office action, the examiner rejected certain claims in the '214 Patent application as being unpatentable over U.S. Patent No. 5,982,411 to Eyer, et. al.   The examiner also rejected certain claims in the '214 Patent as being unpatentable over U.S. Patent No. 5,982,411 to Eyer, et. al. in view of U.S. Patent No. 5,978,043 to Blonstein, et. al.   The examiner also rejected certain claims in the '214 Patent as being unpatentable over U.S. Patent No. 5,982,411 to Eyer, et. al. in view of U.S. Patent No. 5,793,438 to Bedard.   The examiner also rejected certain claims in the '214 Patent as being unpatentable over U.S. Patent No. 5,982,411 to Eyer, et. al. in view of U.S. Patent No. 5,978,043 to Blonstein, et. al., and further in view of U.S, Patent No. 5,301,028 to Banker, et. al.   The examiner also rejected certain claims in the '214 Patent as being unpatentable over U.S. Patent No. 5,982,411 to Eyer, et. al. in view of U.S. Patent No. 5,152,012 to Schwob.

114.     On or about December 27, 1999, the examiner also specifically identified the following references as "pertinent to applicant's disclosure,"   U.S. Patent Nos.: 5,793,366, 5,883,680, 5,594,509, 5,703,795, 5,200,823, 5,894,320, 5,585,866, 5,790,198 ("the December 27, 1999 art").

115.     On or about August 10, 2001, Mr. Coles responded to the December 27, 1999 office action.   In the office action response, Mr. Coles acknowledged the examiner's rejections and made arguments and amendments attempting to distinguish the '214 patent from Patent No. 5,982,411 to Eyer, et. al.   Mr. Coles was therefore aware of the art cited in the December 27, 1999 office action.

116.     Mr. Coles is an individual associated with the filing and prosecution of the '214 patent.

117.     Mr. Coles failed to disclose non-cumulative material information to the PTO during the prosecution of the '214 Patent:

a. During the prosecution of the '214 Patent, Mr. Coles failed to disclose the co-pending '078 Patent application, which is materially similar to the '214 Patent and non-cumulative of the art disclosed during the prosecution of the '214 Patent.

b. During the prosecution of the '214 Patent, Mr. Coles failed to disclose U.S. Patent 5,822,123 to Davis. By virtue of the examiner's arguments made during the prosecution of the '078 Patent, this reference is material and non-cumulative of the art disclosed during the prosecution of the '214 Patent.

c. During the prosecution of the '214 Patent, Mr. Coles failed to disclose the January 13, 2000 art. By virtue of the examiner's statement that the January 13, 2000 art is "pertinent to applicant's disclosure" in the '078 Patent and that the '214 Patent is similar to the '078 Patent, the January 13, 2000 art was also material and non-cumulative of the art disclosed during the prosecution of the '214 Patent.

118. The art cited in Paragraph 117 was not disclosed to, or considered by, the examiner during the prosecution of the '214 Patent.

119. Mr. Coles responded to office actions during the prosecution of both the '078 Patent and the '214 Patent on the same day, August 10, 2001. Because Mr. Coles was working on similar cases during similar time frames, because he responded to the first office actions in each case on the same day, but that he failed to disclose material, non-cumulative information in both cases to the PTO, on information and belief, Mr. Coles's failure to disclose this information was an intentional effort to deceive the PTO.

120. Further, on information and belief, no information disclosure statement was submitted by the applicant or any individual associated with the prosecution of the '214 Patent. Mr. Coles's intent to deceive the PTO can be further inferred because he did not submit an information disclosure statement.

121. There accordingly is an actual, immediate, and justiciable controversy between

the parties.

122.     TiVo is entitled to a declaration by the Court that the '214 Patent is unenforceable due to inequitable conduct.

123.     TiVo is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

DATED:  April 2, 2010                    **MCKOOL SMITH, P.C**


                                         By: /s/ *Sam Baxter*

                                         Sam Baxter, Attorney-in-Charge
                                         State Bar No. 01938000
                                         sbaxter@mckoolsmith.com

                                         104 East Houston, Suite 300
                                         Marshall, Texas 75670
                                         Telephone: (903) 923-9000
                                         Telecopier: (903) 923-9099
                                         **ATTORNEYS FOR PLAINTIFF TIVO,
                                         INC.**

Co-counsel:
**ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.**
Ronald J. Schutz (*pro hac vice*)
rjschutz@rkmc.com
David W. Beehler (*pro hac vice*)
David P. Swenson (*pro hac vice*)
Andrea L. Gothing (*pro hac vice*)
Loren L. Hansen (*pro hac vice*)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
612-349-8500

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on March 30, 2010, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).


　　　 /s/ Sam Baxter　　　　　　
Sam Baxter