**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TIVO INC., a Delaware corporation,<br><br>    Plaintiff,<br><br> v.<br><br>VERIZON COMMUNICATIONS, INC.,<br> a Delaware corporation,<br>VERIZON SERVICES CORP.,<br> a Delaware corporation, and<br>VERIZON CORPORATE RESOURCES<br>GROUP, LLC,<br> a Delaware limited liability company,<br><br>    Defendants. | Civil Action No. 2:09-cv-257-DF<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
TO DISMISS AND STRIKE TIVO'S INEQUITABLE CONDUCT CLAIMS**

   TiVo's Response confirms that its claims of inequitable conduct turn on nothing more than the overlap of a few generic terms in two of Verizon's counterclaim patents. Such threadbare allegations are not enough to identify "the specific who, what, when, where, and how" of the inequitable conduct as well as "facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). Because TiVo has not – and cannot – identify anything more than the sort of generic assertions that courts have rejected as "a magic incantation to be asserted against every patentee," *FMC Corp. v. Manitowoc Co.*, 835 F.2d 1411, 1415 (Fed. Cir. 1987), TiVo's inequitable conduct claims should be dismissed and its affirmative defense struck.

   **1.**  *"What" and "Where"*: TiVo claims (Opp. at 4) that it adequately alleges the "what" and "where" elements of inequitable conduct because it "identifies claims for which the

withheld prior art is relevant" and "even charted these two claims side-by-side in its pleadings." TiVo urges (TiVo's Answer and Reply to Verizon's First Am. Countercl. ("TiVo Countercl.") ¶¶ 74-75 (DN 67) (Apr. 16, 2010)) that because the patent specifications generally discuss "similar technology" and the patent claims generally involve "similar inventions," it necessarily must follow that information related to one patent "is material to the patentability" of the other. This argument lacks merit.  Not only would TiVo's proposal open the floodgates to bringing claims for inequitable conduct, but it also would uproot the limitations imposed on such claims by the Federal Circuit in *Exergen*.

Contrary to TiVo's suggestion, it is not enough to show that two patents are "similar." As for the prior art cited during prosecution of each patent, TiVo is required to "identify which claims [of the challenged patent], *and which limitations in those claims*, the withheld references are relevant to, *and where in those references the material information is found*."  *Exergen*, 575 F.3d at 1329 (emphasis added).  TiVo has identified claims it believes are similar in the two patents, and it has identified prior art that it believes should have been disclosed.  But nowhere does TiVo identify, as it must, the *claim limitations* in each patent to which such references would be relevant.  In its Response, TiVo offers no explanation for this deficiency.

Moreover, TiVo concedes that its pleading does not itself identify "where" in each prior art reference material information may be found, but urges (at 5) that this identifying information may be "incorporated . . . by reference" through the statements of Sherrie Hsia (the PTO Examiner for the '214 patent), John Miller (the PTO Examiner for the '078 patent), and Anthony Coles (the prosecuting attorney on both patents).  According to TiVo, these statements "specifically identif[y] which parts of the six references formed the basis for the rejection of the '214 patent," and "TiVo's pleadings therefore, indicate where in the six references the material

information is found for determining the patentability in the '078 patent." (*Id.*)  Even if this chain of reasoning was plausible – and it is not – TiVo does nothing to show which parts of the references used to reject the '214 patent would be relevant to the '078 patent.  Rather, TiVo simply assumes that the same portions cited against the '214 would be cited against the '078.  That assumption is insufficient.  Furthermore, TiVo does not demonstrate that *any* claim limitation in the supposed "undisclosed" prior art was not also in, and therefore redundant of, the prior art already before the Examiners.  Thus, there is simply no basis for TiVo's assertion (at 3) that the "undisclosed" prior art was material and non-cumulative.[1]

TiVo's arguments with respect to the alleged materiality of the '214 patent specification to the '078 patent claims, and vice versa, fare no better.  TiVo appears to argue (at 4) that it satisfies the "what" and "where" elements simply because it has underlined five allegedly similar terms in an exemplar claim of each patent.  But the underlined terms – such as "channel selection" and "sequential navigation" – are commonly used and shed no light on the specifics of how each patent is supposedly material to the other.  Thus, far from satisfying the "what" and "where" requirements, TiVo's underlining highlights the deficiency in its pleading.  Nowhere does TiVo identify specific claim limitations in the '214 Patent that are material to the '078 patent, or specific claim limitations in the '078 patent that are material to the '214 patent.

**2.**     *"Why" and "How"*:  TiVo likewise has not alleged "'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims."  *Exergen*, 575 F.3d at 1329-30.  TiVo

---

[1] In any event, TiVo's novel "incorporation by reference" theory would only cover the references actually discussed by the Examiners – specifically, one reference during the '078 application and five references during the '214 application.  But there are 17 other references that were never discussed, and TiVo's inequitable conduct claims as to those references therefore remain unsupported.  *See* TiVo Countercl. at 26-27.

simply urges that the '214 and '078 patents are similar, and, therefore, the Patent Examiner would have used the references interchangeably.  That is incorrect.  For example, the Examiner of the '214 patent initially determined that the Eyer reference (U.S. Patent No. 5,982,411) anticipated claim 1 of the '214 patent because of Eyer's teachings of primary and multiplexed channels.  *See* '214 patent prosecution history at 129.  The '078 patent does not claim primary and multiplexed channels; Eyer therefore cannot be material to the '078 patent in the same way that the Examiner applied it to the '214 patent.

As with these references, the '214 and '078 patent applications are not interchangeable – and TiVo has not alleged how they could be.  Patent applications are not prior art.  Although TiVo correctly states that such information *may* be material,[2] an accused infringer must explain specifically how that is so.  TiVo has failed to provide any explanation, and has therefore failed to meet the heightened pleading standard of Rule 9(b).[3]  TiVo's claim says nothing about *which* aspects of each patent application were supposedly material to the patentability of the other patent, *how* those aspects would have affected the Examiner's patentability assessment, or *why* the applications were non-cumulative of other art already before the Examiner.  As Verizon has noted (*See* Mot. To Dismiss at 8 (DN 74) (Apr. 26, 2010)), moreover, the Examiner of the '214

---

[2] The cases cited by TiVo, however, are irrelevant.  In *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1258-59 (Fed. Cir. 1997), the existence of litigation involving a patent was material to a reissue proceeding involving that patent, as required by MPEP § 2001.06(c).  In *Ring Plus, Inc. v. Cingular Wireless LLC*, 637 F. Supp. 2d 423, 431 (E.D. Tex. 2009), this Court declined to hold that a particular reference was not prior art because of a dispute about the appropriate priority date of the challenged patent.

[3] TiVo also urges (at 7) that Mr. Coles should have disclosed the '078 patent after it had issued and while prosecuting the '214 patent.  This argument rests on a flawed assumption.  In fact, Mr. Coles (and his firm) was not prosecuting the '214 patent during the period after the '078 patent had issued.  *See* '214 patent prosecution history at 100-03 (September 2005 power of attorney to Verizon intellectual property group and status inquiry noting no communications to or from previous counsel – that is, Mr. Coles – since September 2001).

patent apparently reviewed the '078 patent and found it not to be material.  It is both telling and fatal that TiVo offers no response on this score.

**3.**     *Deceptive intent*:  TiVo claims (at 9) that it satisfies the heightened standard for pleading intent to deceive because it alleges that "Mr. Coles prosecuted similar patents, the '214 and '078 patents, during overlapping times," and "Mr. Coles responded to office actions for both the '214 and '078 patents on the same day – August 10, 2001."  But such allegations provide no basis to "reasonably infer," *Exergen*, 575 F.3d at 1327, that Mr. Coles – let alone anyone else – intended to deceive the PTO.  *See id.* at 1331 ("The mere fact that an applicant disclosed a reference during prosecution of one application, but did not disclose it during prosecution of a related application, is insufficient to meet the threshold level of deceptive intent required to support an allegation of inequitable conduct.").  Critically, TiVo does not allege why this information should have been disclosed to the PTO.  Without explaining the materiality or significance of such information, there can be no basis for inferring any intent to hide it.

**4.**     *Leave to amend*:  Apparently recognizing the deficiencies in its inequitable conduct claims and affirmative defense, TiVo alternatively seeks leave to amend.  Opp. at 11.  A court may deny leave to amend where, as here, a party "declares the sufficiency of his pleadings and makes no attempt to amend his complaint."  *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 692 (E.D. Tex. 2009).[4]  Because TiVo has offered no explanation of how it would cure its pleadings if given the opportunity to do so, dismissal with prejudice is warranted.

## CONCLUSION

For the foregoing reasons, Verizon's motion to dismiss and strike should be granted.

---

[4] The law of this Circuit governs this procedural issue, which is not unique to patent law. *See Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1319 (Fed. Cir. 2010) (applying Fifth Circuit law).

Dated:  May 24, 2010

Clyde M. Siebman (#18341600)
SIEBMAN, REYNOLDS, BURG,
   PHILLIPS & SMITH LLP
Federal Courthouse Square
300 N. Travis Street
Sherman, TX 75090
Tel:  (903) 870-0070
Fax:  (903) 870-0066
Email:  siebman@siebman.com

John Thorne, *pro hac vice*
Leonard C. Suchyta, *pro hac vice*
John P. Frantz, *pro hac vice*
Caren K. Khoo, *pro hac vice*
VERIZON CORPORATE RESOURCES
   GROUP LLC
1320 N. Courthouse Road
Arlington, VA 22201
Tel:  (703) 351-3900

Respectfully submitted,

/s/ Melissa Richards Smith
Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Tel:  (903) 934-8450
Fax:  (903) 934-9257
Email:  melissa@gillamsmithlaw.com

Mark C. Hansen, *pro hac vice*
Michael K. Kellogg, *pro hac vice*
John Christopher Rozendaal, *pro hac vice*
KELLOGG, HUBER, HANSEN,
   TODD, EVANS & FIGEL, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
Email:  mhansen@khhte.com
      mkellogg@khhte.com
      jrozendaal@khhte.com

*Counsel for Verizon Communications Inc., Verizon Services Corp.,*
*and Verizon Corporate Resources Group LLC*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that all counsel of record who are deemed to

have consented to electronic service are being served with a copy of this document via

the Court's CM/ECF system on May 24, 2010.  Any other counsel of record will be

served via electronic and first-class mail.

<u>/s/ Melissa Richards Smith</u>
Melissa Richards Smith (#24001351)
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Tel:  (903) 934-8450
Fax:  (903) 934-9257
Email:  melissa@gillamsmithlaw.com

*Counsel for Verizon Communications Inc.,*
*Verizon Services Corp., and Verizon*
*Corporate Resources Group LLC*