**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **TIVO, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 2:09-CV-257 (DF)** |
| **VERIZON COMMUNICATIONS,** | § | |
| **INC.,VERIZON SERVICES CORP., and** | § | |
| **VERIZON CORPORATE RESOURCES** | § | |
| **GROUP, LLC,** | § | |
| | § | |
| **Defendants.** | | |

## ORDER

Before the Court is Defendants Verizon Communications, Inc., Verizon Services Corp.,

and Verizon Corporate Resources Group, LLC's (collectively, "Verizon's") Motion to Dismiss

and Strike TiVo's Claims for Inequitable Conduct (Dkt. No. 74).  Also before the Court are

Plaintiff TiVo, Inc.'s ("TiVo's") Response Verizon's reply and TiVo's sur-reply.  Dkt. Nos. 81,

90, and 92.  Having considered all the relevant papers and pleadings, the Court finds that

Verizon's motion should be **GRANTED**.

## I.  Background

On February 24, 2010, Verizon filed its Answer to First Amended Complaint and

Counterclaims (Dkt. No. 27).  On March 15, 2010, Verizon filed its Answer to First Amended

Complaint and First Amended Counterclaims (Dkt.  No. 44).  TiVo filed its Answer and Reply to

Verizon's First Amended Counterclaims on March 30, 2010 (Dkt. No. 48), alleging, in part, that

two of the patents that Verizon asserts against TiVo in Verizon's counterclaims, U.S. Patent No.

6,367,078 (the "'078 Patent") and U.S. Patent No. 7,561,214 (the "'214 Patent"), are

unenforceable due to inequitable conduct.  Verizon now moves to dismiss TiVo's fourteenth

affirmative defense pursuant to Fed. R. Civ. P. 12(f) and Counts XIII and XIV of TiVo's counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) for failing to plead the inequitable conduct claims with particularity.

## II. Legal Principles

Fed. R. Civ. P. 9(b) ("Rule 9(b)") states that a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Very recently, the Federal Circuit articulated what is required of defendants seeking to plead the affirmative defense of inequitable conduct. *Exergen Corp. v. Wal-mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009). In *Exergen*, the Federal Circuit held that for "pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id*. at 1327. The "who" of the material omissions and misrepresentations concerns those individuals with a duty of candor and good faith in dealing with the Patent and Trademark Office ("PTO"). *Id.* at 1329. The "what" and "where" of the material omissions relate to "which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found[.]" *Id*. Finally, a pleading needs to state the "particular claim limitations or combination of limitations that are supposedly absent from the information of record. Such allegations are necessary to explain both 'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." *Id.* at 1329-1330.

### III.  Discussion

Verizon argues that TiVo's pleading does not satisfy the particularized pleading requirements of Rule 9(b).  Dkt. No. 74 at 3-4.  Verizon argues that TiVo "has failed to plead with particularity (1) that the patent applicants failed to disclose material information and (2) that they intended to deceive the PTO."  *Id*. at 4.  Specifically, Verizon contends that TiVo's pleading fails to: (1) "identify which claims of the challenged patent, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found"; (2) "identify the particular claim limitations of the withheld references, or combination of claim limitations, that are supposedly absent from the information of record"; and (3) explain "why the withheld information is material and not cumulative, and how an examiner would have used this information in assessing the patentability of the claims."  *Id*. at 4-5.

Verizon also argues that the application resulting in the '214 Patent and the application resulting in the '078 Patent are not prior art to each other.  Dkt. No. 74 at 6.  Verizon contends that even if each application could have constituted prior art in the prosecution of the other application, "TiVo fails to identify anything in either patent application that would have been relevant to, and non-cumulative of, the other."  *Id*. at 7.  Verizon also contends that TiVo has failed to allege "facts suggesting that there was any intent to deceive the PTO."  *Id*. at 8.

TiVo responds that "TiVo's pleadings include numerous paragraphs detailing the required 'who, what, when, where, and how' of the inequitable conduct apparently committed in obtaining two of the counterclaim patents asserted by Verizon."  Dkt. No. 81 at 1.  First, TiVo contends that its pleadings "adequately allege that the prosecuting attorney for the '214 Patent and the '078 Patent failed to disclose material information to the PTO."  *Id*. at 3.  Second, TiVo

contends that it has identified claims for which the withheld prior art is relevant by including in its pleadings "a chart that matches up exemplar claims of each patent, as a means of mapping how references cited against one clam are material to the other also." *Id.* at 6.  Third, TiVo argues that "[t]he rationale underlying the PTO rejections and characterizations of 'pertinent prior art' in one of the co-pending applications demonstrates 'why' the reference is material and 'how the PTO would have used the reference in assessing the patentability of a patent claiming a similar invention.'" *Id.* at 6.  TiVo further argues that the application resulting in the '214 Patent and the application resulting in the '078 Patent are material information and "should have been disclosed during the prosecution of the other co-pending application." *Id.* at 7.

TiVo also contends that its pleadings adequately allege that Mr. Anthony Coles, the prosecuting attorney for the '214 and '078 Patents, withheld material information with a specific intent to deceive.  Dkt. No. 81 at 9.  Specifically, TiVo argues that it "pleaded the factual allegations underlying TiVo's claim that Mr. Coles was aware of the previously cited references and acted with an intent to deceive the PTO." *Id.* at 10.  TiVo requests that if the Court determines that TiVo's pleading does not satisfy the heightened pleading standard, that any dismissal be without prejudice, and that TiVo be allowed to amend its pleadings on this issue in the future. *Id.* at 11.

In reply, Verizon states that TiVo "has identified claims it believes are similar in the two patents, and it has identified prior art that it believes should have been disclosed." Dkt. No. 90 at 2.  However, Verizon argues, "nowhere does TiVo identify, as it must, the claim limitations in each patent to which such references would be relevant." *Id.*  Verizon also argues that TiVo does not demonstrate that "any claim limitation in the supposed 'undisclosed' prior art was not also in,

and therefore redundant of, the prior art already before the Examiners." *Id.* at 3.  Furthermore,

Verizon contends that the application resulting in the '214 Patent and the application resulting in

the '078 Patent are not prior art to each other and are not interchangeable. *Id.* at 4.  Verizon

argues that "TiVo's claim says nothing about which aspects of each patent application were

supposedly material to the patentability of the other patent, how those aspects would have

affected the Examiner's patentability assessment, or why the applications were non-cumulative

of other art already before the Examiner." *Id.*  Verizon also contends that TiVo has not alleged

any facts to provide a basis to reasonably infer that Mr. Coles intended to deceive the PTO.

Verizon argues that "TiVo does not allege why this information should have been disclosed to

the PTO" and without explaining the materiality or significance of such information, "there can

be no basis for inferring any intent to hide it." *Id.* at 5.  Finally, Verizon urges that the Court

dismiss TiVo's inequitable conduct claims with prejudice because TiVo has offered no

explanation of how it would cure its pleadings if given the opportunity to do so.  *Id.*

        TiVo responds that its pleading includes a chart that identifies the relevant claim from

each of the '214 and '078 Patents and provides a side-by-side comparison of the claim

limitations. Dkt. No. 92 at 2.  According to TiVo, "this comparison shows that each claim

contains four key limitations that utilize nearly identical language." *Id.*  TiVo argues that "a

reasonable examiner would consider two applications containing claims with nearly identical

limitations material to each other." *Id.*  TiVo further argues that "[t]he similarity of the

limitations also demonstrates why the references cited during the prosecution of each patent

would necessarily be material during the prosecution of the other patent." *Id.*

        TiVo also urges that its pleading "adequately alleges Mr Coles' deceptive intent."  Dkt.

No. 92 at 4.  TiVo contends that the facts in its pleading properly give rise to an inference that Mr. Coles withheld the references with an intent to deceive the PTO.  *Id.*  Additionally, TiVo states that "if discovery were to show that Mr. Coles relied on the theory that 'the overlap of a few generic terms' does not indicate materiality, and knowingly ignored the nearly identical claims themselves, such evidence may directly confirm his intent to deceive.  *Id.*   Finally, TiVo urges that the decision to grant leave to amend is entirely within the "sound discretion of the district court." *Id.* at 5.  TiVo states that rule 15(a) requires the trial court to grant leave to amend freely, and that TiVo should be permitted to amend its pleadings if this court determines that TiVo did not satisfy the heightened pleading standard.  *Id.*

After reviewing the pleading, the Court finds that TiVo's inequitable conduct pleading does not meet the Rule 9(b) standard as defined by the Federal Circuit in *Exergen*.  Specifically, TiVo's pleading fails to "identify which claims, and which limitations in those claims, the withheld references are relevant to." *Exergen*, 575 F.3d at 1329.  TiVo's pleading also does not "identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of the record," which are "necessary to explain both 'why the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." *Id.* at 1329-1330.  The Court finds that TiVo's affirmative defense and counterclaims for inequitable conduct should be stricken, and that TiVo should be allowed to file an amended pleading that adhere to the inequitable conduct pleading requirements of Rule 9(b) as articulated in *Exergen*.

## **CONCLUSION**

For the reasons stated above, Verizon's  Motion to Dismiss and Strike TiVo's Claims for

Inequitable Conduct (Dkt. No. 74) is hereby **GRANTED, as modified:**

1) The Court hereby strikes Tivo's fourteenth affirmative defense and Counts XIII and XIV of TiVo's counterclaims; and

2) TiVo is hereby **GRANTED** leave to amend its pleadings within thirty (30) days of the date of this order to comply with the pleading requirements of Rule 9(b), as set forth in *Exergen*.

**IT IS SO ORDERED.**

**SIGNED this 28th day of October, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE