UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TIVO, INC., § | |
| *Plaintiff,* § | |
| § | |
| V. § | CAUSE NO. 2:09-CV-257-JRG |
| § | |
| VERIZON COMMUNICATIONS, INC., § | |
| ET AL., § | |
| *Defendant.* § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff TiVo, Inc.'s ("Tivo") Motion for Leave to Amend its Infringement Contentions (Dkt. No. 195). Tivo requests to amend its Rule 3-1 infringement contentions, filed on April 2, 2010, to add specific infringement allegations against a digital video recorder ("DVR") that the Verizon defendants ("Verizon") began selling in October 2010. Defendants oppose such an amendment as untimely and prejudicial.

**I.    Factual Background**

Tivo filed suit against the Verizon in August 2009, alleging that Verizon's DVR products infringed three of its patents. Tivo served its Rule 3-1 infringement contentions on April 2, 2010, specifically accusing Verizon's Motorola DVRs of infringement. On May 17, 2010, Verizon served its objections and responses to Tivo's first set of interrogatories, identifying a Cisco DVR by name and model number as a DVR "made, had made, offered for sale, sold, used, imported, or exported" by Verizon (the "Cisco DVR"), with a deployment date of "TBD." Tivo now requests leave to amend its infringement contentions to include the Cisco DVR. Upon receipt of Verizon's interrogatory responses, Tivo requested that Verizon supplement its responses if and when the status of the Cisco DVR changes. Verizon began selling the Cisco DVR in October 2010. Upon receipt of a letter in December 2010, requesting that Verizon supplement its interrogatory responses if the status of the Cisco DVR changed, Verizon responded to Tivo in January of 2011 that "Verizon recently deployed limited numbers of the Cisco DVR." Tivo requested that Verizon amend its interrogatory responses to reflect the same. After

1

three months, in March 2011, Verizon updated its responses and confirmed that the Cisco DVR was deployed in October 2010. Tivo requested and received extensive discovery regarding the Cisco DVR from Verizon. In May 2011, Tivo approached Verizon, requesting that they agree that the Cisco DVR be included in this case. Upon Verizon's disagreement, Tivo filed the instant motion in July 2011.

## II.     Legal Standard

A party may amend its infringement contentions after the relevant deadline has passed by showing good cause. P.R. 3-6. The good cause standard included in P.R. 3-6 requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *Alexsam, Inc., v. IDT Corp.*, No. 2:07-cv-420, 2011 U.S. Dist. LEXIS 2913, at *4 (E.D. Tex. Jan. 12, 2011). The Court considers the following factors in determining good cause pursuant to P.R. 3-6: (1) the explanation for the failure to meet the deadline, (2) the importance of the thing that would be excluded, (3) the potential prejudice in allowing the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *Mediostream, Inc., v. Microsoft Corp.*, No. 208-cv-369, 2010 WL 4118589, at *1 (E.D. Tex. Oct. 18. 2010).

## III.    Analysis of the Above Factors

### a.    Explanation for Failure to Meet Deadline

Tivo explains in its briefing that it could not include the Cisco DVR in its original infringement contentions because Verizon had yet to deploy the product. It explains that, although it knew the Cisco DVR was to be deployed sometime in the future based on Verizon's interrogatory responses, it could not include the product in its infringement contentions until the product was <u>actually</u> made, used, sold, or offered for sale on the market, which was in October 2010. Verizon responds that Tivo had notice of the Cisco product as early as May 2010 (by Verizon's interrogatory responses) and that Tivo should have amended its infringement contentions to include the product at that time.

The Court finds that Tivo requested leave to amend its infringement contentions within a reasonable time after determining that the Cisco product was for sale on the market. Although Verizon identified the product as being sold sometime in the future in May 2010, Tivo did not learn of the sale

2

until January 2011, although consistently requesting that Verizon amend its interrogatory responses to reflect the status of the sale of the Cisco product. Upon determining the product had been for sale for over three months, Tivo diligently attempted to join the Cisco product to the suit upon agreement. When no agreement could be reached, Tivo filed the instant motion. Accordingly, this factor weighs in favor of Tivo's amendment.

      b.   *Importance of Including Cisco DVR*

Tivo argues that the Cisco DVR is important to this litigation because without the product included, the dispute between the parties would not be fully resolved. Without inclusion, Tivo would file a separate lawsuit to adjudicate the dispute regarding the Cisco DVR. Verizon fails to address this point.

The Court agrees with Tivo that the Cisco product is important to include in the instant litigation. Without inclusion, the entire dispute between the parties will not be adjudicated and a subsequent lawsuit may be necessary. Considerations of judicial economy weigh heavily in favor of allowing Tivo's amendment.

      c.   *Potential Prejudice in Exclusion of Cisco DVR*

The parties' prejudice arguments are largely outdated. Currently, trial for this case is set for October 1, 2012 with a fact discovery deadline of June 6, 2012. The parties indicate that a significant portion of discovery related to the Cisco DVR has been completed. Further, Tivo has indicated that the addition of the Cisco DVR will not require extensive new discovery as Verizon and third-party Cisco itself have produced numerous documents related to the product. Verizon agrees that extensive discovery related to the Cisco product has already occurred. Indeed, Verizon explains that Tivo has received "extensive technical information about the Cisco DVR" and that "Verizon produced its own source code for the Cisco DVR." Dkt. No. 216 at 2. Further, because the parties had knowledge of the Cisco DVR's potential relevance to this lawsuit since at least July 2011 (when the instant motion was filed), the parties had nearly a year to continue to engage in discovery related to the product. Because fact discovery has yet to close and the parties have engaged in extensive discovery already related to the Cisco DVR, the Court finds there is no real prejudice to Verizon in allowing an amendment to Tivo's infringement

contentions. Should either party need additional time for fact discovery related to the Cisco DVR, the Court will address such issue at a later date upon the motion of either party.

    *d. Availability of Continuance*

Because the Court finds that Verizon will not be prejudiced by the amendment, the Court need not address the availability of a continuance to cure prejudice.

**IV. Conclusion**

The Court, having considered the various factors to determine whether good cause has been shown for granting an amendment to Tivo's infringement contentions, hereby finds that such good cause does exist. The Court finds that Tivo provided a valid explanation for its delay in requesting an amendment and that any limited prejudice to Verizon is clearly outweighed by the importance of including the Cisco DVR to this litigation. Accordingly, Tivo's Motion for Leave to Amend its Infringement Contentions is **GRANTED.**

**So ORDERED and SIGNED this 5th day of June, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE