# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TIVO INC., <br><br> Plaintiffs, <br><br> vs. <br><br> VERIZON COMMUNICATIONS, INC.; VERIZON SERVICES CORP.; VERIZON CORPORATE RESOURCES GROUP, LLC; VERIZON CORPORATE SERVICES GROUP INC.; and VERIZON DATA SERVICES LLC, <br><br> Defendants. <br> _____ | Case No. 2:09-cv-257-JRG <br><br> JURY TRIAL DEMANDED |

**<u>TIVO'S PROPOSED PRELIMINARY JURY INSTRUCTIONS</u>**

- 1 -

## PRELIMINARY JURY INSTRUCTIONS

Members of the jury: Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

## DUTY OF THE JURY

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the Court will give it to you. You must follow that law whether you agree with it or not. Nothing the Court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

## EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the Court may instruct you to find. Certain things are not evidence and must not be considered by you. I will list them for you now:

> (1) Statements, arguments, and questions by lawyers are not evidence.
>
> (2) Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that the evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it. If the

- 3 -

objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

(3) Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

(4) Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must have an abiding conviction that the truth of the party's factual contentions are highly probable.  Such evidence requires a higher standard of proof than proof by a preponderance of the evidence.

Again, you should base your decision on all of the evidence, regardless of which party presented it.

## EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - called an expert witness - is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

## DEPOSITIONS

During the trial of this case, certain testimony may be shown to you by way of videotaped deposition.  The testimony of a witness who, for some reason, cannot be present to testify from the witness stand is usually presented by video under oath, in the form of a deposition.  Such testimony is entitled to the same consideration and, insofar as possible, is to be judged as to credibility, and weighed, and otherwise considered by the jury in the same way as if the witness had been present and had given from the witness stand the testimony read to you from the deposition or which may be presented by video.

*DataTreasury Corp. v. U.S. Bank, N.A.*, No. 2:06:-CV-72 (DF) (E.D. Tex.).

## THE PARTIES AND THE NATURE OF THE CASE

The plaintiff, which is the party that filed the lawsuit, is TiVo Inc., which will be referred to as "TiVo."  The defendants in this trial are Verizon Communications, Inc. Verizon Services Corp., Verizon Corporate Resources Group, LLC, Verizon Corporate Services Group Inc., and Verizon Data Services LLC, all of which I will refer to as Verizon.

This is a patent case in which TiVo seeks damages for Verizon's alleged infringement of United States Patents Nos. 6,233,389; United States Patent No. 7,529,465l and U.S. Patent No. 7,493,015.  These patents may be referred to as the '389 Patent, the '465 Patent, and the '015 Patent, respectively.  These three digits are an abbreviation for the last three digits of the patent number.  The '389 Patent is entitled "Multimedia Time Warping System."  The '465 Patent is entitled "System For Time Shifting Multimedia Content Streams."  The '015 Patent is entitled "Automatic Playback Overshoot Correction System." TiVo further alleges that the infringement has been willful.  Verizon denies infringement and also contends that the '389 Patent, the '465 Patent, and the '015 Patent are invalid. Verizon further denies TiVo's willfulness allegation.

Verizon has asserted a counterclaim against TiVo, seeking damages for TiVo's alleged infringement of United States Patent No. 5,410,344, which may be referred to as the '344 Patent.  The '344 Patent is entitled "Apparatus and Method of Selecting Video Programs Based on Viewers' Preferences."  Verizon further alleges that the infringement has been willful.  TiVo denies infringement and also contends that the '344 Patent is invalid. TiVo further denies Verizon's willfulness allegation.

At the conclusion of trial, when I give you your final jury instructions, I will explain the appropriate burden to apply to each of the claims and defenses brought by the parties.

I will now explain generally the U.S. patent system, the parts of a patent, and how a person gets a patent.

Adapted from *DataTreasury Corp. v. U.S. Bank, N.A.*, No. 2:06:-CV-72 (DF) (E.D. Tex.).

## THE PATENT SYSTEM, GENERALLY

The United States Constitution grants Congress the powers to enact laws "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." Using this power, Congress enacted the patent laws.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO"). A valid United States patent gives the patent holder certain rights. The patent holder may prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States without the patent holder's permission. A violation of the patent holder's rights is called infringement. The patent holder may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal court, such as in this case.

To be entitled to a patent protection, and invention must be new and nonobvious. That which was already known at the time of the invention is called the "prior art." You will hear about the prior art relating to the patents-in-suit during the trial, and I will give you more instructions about what constitutes prior art at the end of the case.

The process of obtaining a patent is called patent prosecution. To obtain a patent, one must file an application with the PTO. The PTO is an agency of the federal government and employs trained examiners who review applications for patents. The application includes a section called the "specification," which must contain a written description of the

claimed invention telling what the invention is, how it works, and how to make and use it, in such full, clear, concise, and exact terms so that others skilled in the field will know how to make and use it. The specification concludes with one or more numbered sentences. These are the patent "claims." If the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

Patents issued by the United States Patent Office are presumed to be valid. But just because the PTO grants a patent does not necessarily mean that any invention claimed in the patent is, in fact, legally entitled to the protection of a patent. A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is not entitled to patent protection because it does not meet the requirements for a patent. The accused infringer has the burden of showing invalidity. I will later instruct you in more detail on the burden of showing invalidity, but note that the validity of the patent in suit will be disputed and it is ultimately your job to determine whether or not the patent is valid or invalid.

## CONDUCT OF THE JURY

Now, a few words about your conduct as jurors. First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you.

Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. You are to hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys, and persons associated with them. This also means that if you use a social networking internet site or tool, like Facebook, MySpace, or Twitter, you should not discuss or even mention the case at all on those sites. Do not post updates about what is going on in the case.

Second, do not read or listen to anything touching on this case in any way. If anyone should try to talk to you about it, bring it to the Court's attention promptly.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. But if you do, leave them in the jury room when you leave at night. And remember that they are for your own personal use.

## COURSE OF THE TRIAL

The trial will soon begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next, the plaintiff will present its witnesses, and the defendant may cross-examine them. Then the defendant will present its witnesses, and the plaintiff may cross-examine them.

During the course of the trial, I may permit the attorneys to take a few minutes to make "interim statements." These statements are intended to explain or clarify previous or anticipated testimony. An opposing party can then choose to respond or to give a separate statement.

After both parties have presented all of their evidence, the Court will give you instructions on the law, and the attorneys will make their closing arguments to summarize and interpret the evidence for you.

You will then retire to deliberate on your verdict.

- 9 -

*DataTreasury Corp. v. U.S. Bank, N.A.*, No. 2:06:-CV-72 (DF) (E.D. Tex.).