# IN THE UNITED STATES DISTRICT COURT OF
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TIVO INC., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC.; VERIZON SERVICES CORP.; VERIZON CORPORATE RESOURCES GROUP, LLC; VERIZON CORPORATE SERVICES GROUP INC.; and VERIZON DATA SERVICES LLC, <br><br> Defendants. | Case No. 2:09-cv-257-JRG |

## TIVO'S UNOPPOSED MOTION TO MODIFY PROTECTIVE ORDER

TiVo brings this motion to amend Paragraph 24 of the Protective Order in this case to allow TiVo to continue to preserve certain information produced in this case that has been designated as "Designated Material."  TiVo asks for this amendment because Motorola Mobility Inc. and General Instrument Corporation (collectively "Motorola") and Time Warner Cable, Inc. and Time Warner Cable LLC (collectively "TWC"), have requested in *Motorola v. TiVo*, No. 5:11-cv-53 (E.D. Tex.) that TiVo preserve certain information from this case—and brought a motion to compel it.  In addition, Motorola has issued a subpoena to Verizon seeking certain documents from this case, including TiVo's affirmative damages expert report and Verizon's rebuttal expert damages report, and TiVo itself has subpoenaed Verizon seeking TiVo's own damages expert reports.  TiVo also asks for this amendment because Cisco Systems, Inc. ("Cisco") has requested in *TiVo v. Cisco*, No. 2:12-cv-311 (E.D. Tex.) that TiVo preserve and produce the same information.  TiVo has explained to Motorola and TWC and Cisco that under

1

this Court's Protective Order, it is required to return or destroy the Designated Material produced by the Defendants and other third parties.  Because Motorola and TWC and Cisco would have to intervene in this case if they want the Court to modify its Order, TiVo has agreed to bring this motion on their behalf.

TiVo further brings this motion to amend Paragraph 21, which permits a party to produce, in response to a subpoena, documents produced and designated under the Protective Order by third parties unless each such third party seeks to quash the subpoena or for other protection.  TiVo seeks to modify Paragraph 21 to bring it in line with the Protective Orders governing TiVo's other pending litigations, and to safeguard the rights of third parties and ensure that disputes over the production of materials designated under this Court's Protective Order are brought to and resolved only by this Court.

Verizon does not oppose this motion.  TiVo respectfully requests that the Court enter the proposed amended Protective Order filed concurrently herewith.

### I.  Modification of Paragraph 24 Of The Protective Order.

Pursuant to the terms of the Protective Order in this case, the parties produced "Litigation Material" containing information that the producing party designated with one of the available confidentiality designations.  *See* Dkt. #234 ¶¶ 1, 3(h–j).  In addition, a number of non-parties produced documents in response to subpoenas issued by the parties, and designated certain of those documents with the available confidentiality designations.  The Protective Order treats "Litigation Material" that is assigned a confidentiality designation as "Designated Material."  *See id.*, ¶ 5.

The Protective Order in this case requires that, within sixty (60) days of the entry of any final judgment or dismissal of all claims in this action, the parties return or destroy certain

Designated Material produced by a party or non-party. *See id*., ¶ 24(a). The claims between TiVo and Verizon in this case have settled, and this Court issued an Order of Dismissal with Prejudice, on September 28, 2012. *See* Dkt. #440. The parties are now obligated to return or destroy certain Designated Material by November 27, 2012 under the current terms of the Protective Order.

Based on Motorola's and TWC's and Cisco's request that TiVo preserve Designated Material from this case, TiVo seeks an amendment to the Protective Order to ensure it will not be subject to conflicting obligations in two different cases (*i.e.*, an obligation to return or destroy documents in this case and a potential obligation to preserve in the *Motorola v. TiVo* case and the *TiVo v. Cisco* case). Accordingly, TiVo respectfully requests that the Court enter the following amended Paragraph 24(a) of the Protective Order in this case:

> Within ten (10) calendar days of the entry of this Joint Amended Protective Order, Verizon shall assemble and return to each Producing Party all originals and reproductions of any Litigation Material containing DESIGNATED INFORMATION, including notes made therefrom or summaries thereof. [1] In lieu of returning Litigation Materials containing information designated as CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION, or notes or summaries of Litigation Material containing any DESIGNATED INFORMATION, Verizon may destroy all such Litigation Material, provided the Party electing to undertake such destruction does so within the timeframes specified above and certifies to the Producing Party in writing that it has made a reasonable and good faith effort to destroy such Litigation Material, and that all such material has been destroyed to the best of its knowledge, subject to the exceptions in Paragraph 24(b).
>
> With the exception of any Verizon information designated as Confidential Source Code – Attorneys' Eyes Only Information which must be destroyed within ten (10) days of the entry of this order, within sixty (60) calendar days of the conclusion of *Motorola v. TiVo*, No. 5:11-cv-53 (E.D. Tex.) or *TiVo v. Cisco*, No. 2:12-cv-311 (E.D. Tex.), whichever is later, TiVo shall assemble and return to each Producing Party all originals and reproductions of any Litigation Material containing DESIGNATED INFORMATION, including notes made therefrom or summaries thereof. In lieu of returning Litigation Materials containing information designated as CONFIDENTIAL INFORMATION, or

---

[1] To avoid any doubt, expert reports are included under the provisions in paragraph 24(b) and may be retained.

3

> HIGHLY CONFIDENTIAL INFORMATION, or notes or summaries of Litigation Material containing any DESIGNATED INFORMATION, a Party may destroy all such Litigation Material, provided the Party electing to undertake such destruction does so within the timeframes specified above and certifies to the Producing Party in writing that it has made a reasonable and good faith effort to destroy such Litigation Material, and that all such material has been destroyed to the best of its knowledge, subject to the exceptions in Paragraph 24(b).

This amendment will resolve TiVo's and Verizon's conflicting obligations by allowing TiVo and Verizon to continue to maintain certain information under the terms of the Protective Order. As part of this amendment, TiVo has agreed to treat any Verizon Designated Information as Outside Attorneys Eyes Only. Verizon does not oppose this amendment to Paragraph 24 of the Protective Order.[2]

## II. Modification of Paragraph 21 of The Protective Order.

Paragraph 21 of the Protective Order governing this action presently provides:

> Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order: . . . (iii) if the Receiving Party thereafter becomes obligated to disclose the information in response to a lawful subpoena or other legal process, provided that the subpoenaed Receiving Party gives prompt written notice to counsel for the Producing Party and provides counsel for that Party at least ten (10) calendar days from receipt of the written notice to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

Dkt. #234, ¶ 21.

TiVo respectfully requests that the Court amend Paragraph 21 to bring the Protective Order governing this case in line with the Protective Orders governing *Motorola v. TiVo* and *TiVo v. Cisco*, by amending Paragraph 21 to the following:

> Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order: (i) if the Producing Party(ies) consents to such disclosure; if the Court, after notice of all affected persons, allows such disclosure; or (iii) if the Receiving Party thereafter becomes obligated to disclose the information in

---

[2] TiVo is serving a copy of this motion on all non-parties of which it is aware that produced documents including Designated Material in response to subpoenas in this case.

>   response to a lawful subpoena or other legal process, provided that the Receiving Party gives prompt written notice to counsel for the Producing Party and provides counsel for that Party at least ten (10) calendar days from receipt of the written notice to object to the Receiving Party's production of any materials that reflect DESIGNATED INFORMATION produced by the Producing Party, which objection shall be in writing. Such objection shall preclude the Receiving Party's production of any materials that reflect DESIGNATED INFORMATION produced by the Producing Party that are subject to the Producing Party's objection, absent further order of this Court.

*See Motorola v. TiVo*, No. 5:11-cv-53 (E.D. Tex.), Dkt. # 64, ¶ 21; *TiVo v. Cisco*, No. 2:12-cv-311 (E.D. Tex.), Dkt. # 55, ¶ 22.  Verizon does not oppose this amendment to Paragraph 21 of the Protective Order.

Date:  November 27, 2012                            Respectfully submitted,

                                                    */s/ Thomas C. Werner*

Co-Counsel:
**IRELL & MANELLA LLP**                             **McKOOL SMITH, P.C.**
Morgan Chu                                          Samuel F. Baxter
mchu@irell.com                                      Lead Attorney
Andrei Iancu                                        Texas State Bar No. 01938000
aiancu@irell.com                                    sbaxter@mckoolsmith.com
Joseph M. Lipner                                    104 E. Houston St., Suite 300
jlipner@irell.com                                   Marshall, Texas 75670
Richard M. Birnholz                                 Telephone: (903) 923-9000
rbirnholz@irell.com                                 Facsimile: (903) 923-9099
Thomas C. Werner
twerner@irell.com                                   Rosemary Snider
1800 Avenue of the Stars, Suite 900                 Texas State Bar No. 18796500
Los Angeles, CA 90067                               rsnider@mckoolsmith.com
Tel: (310) 277-1010                                 Garret W. Chambers
Fax: (310) 203-7199                                 Texas State Bar No. 00792160
                                                    gchambers@mckoolsmith.com
**ROBINS, KAPLAN, MILLER & CIRESI LLP**             McKool Smith, P.C.
Ronald J. Schutz                                    300 Crescent Court, Suite 1500
rjschutz@rkmc.com                                   Dallas, Texas  75201
Cyrus A. Morton                                     Telephone:  (214) 978-4000
camortion@rkmc.com                                  Facsimile:  (214) 978-4044
Michael A. Collyard
macollyard@rkmc.com                                 John F. Garvish, II
Andrea L. Gothing                                   Texas State Bar No. 24043681
algothing@rkmc.com                                  jgarvish@mckoolsmith.com
2800 LaSalle Plaza                                  300 W. 6th St. Suite 1700
800 LaSalle Avenue                                  Austin, Texas  78701

5

Minneapolis, MN 55402-2015
Telephone:  (612) 349-8500
Facsimile:  (612) 339-4181

Telephone:  (512) 692-8700
Facsimile:  (512) 692-8744

**Attorneys for Plaintiff TiVo Inc.**

**CERTIFICATE OF CONFERENCE**

  I hereby certify that counsel have complied with the meet and confer requirement in Local Rule CV-7(h) and this Court's Orders, and this motion is unopposed.

                  */s/ Thomas C. Werner*
                  Thomas C. Werner

**CERTIFICATE OF SERVICE**

  I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 27th day of November, 2012.

                  */s/ Thomas C. Werner*
                  Thomas C. Werner