## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:09-cv-257-JRG |
| | ) | |
| vs. | ) | |
| | ) | |
| VERIZON COMMUNICATIONS, INC.; | ) | JURY TRIAL DEMANDED |
| VERIZON SERVICES CORP.; VERIZON | ) | |
| CORPORATE RESOURCES GROUP, LLC; | ) | |
| VERIZON CORPORATE SERVICES | ) | |
| GROUP INC.; and VERIZON DATA | ) | |
| SERVICES LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## JOINT AMENDED PROTECTIVE ORDER

The Parties, by and through their respective counsel, having stipulated and agreed

that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary to protect the

confidentiality of documents and other information obtained in the course of discovery in

this Action, it is hereby ORDERED THAT:

1.     **SCOPE OF ORDER**.  This Stipulation and Protective Order includes in its

scope all documents, things and information (including all documents and tangible things as

defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule)

that are produced, disclosed or filed in the above captioned action (the "Action"), by or on

behalf of any Party or non-Party, voluntarily or involuntarily, whether pursuant to formal or

informal discovery requests, subpoena, deposition notice, or motion practice, and whether

revealed in a document, deposition, a response to any type of written discovery, a

submission to the Court or otherwise ("Litigation Material").  Nothing in this Order shall

obligate any Party or non-Party to produce any Litigation Material to any other Party or non-

Party that it is not otherwise required to produce under the Federal Rules of Civil Procedure

or any applicable local rule.

2.      **USE OF LITIGATION MATERIAL GENERALLY**.  All Litigation Material designated or reflecting CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION, as defined below, shall be used solely for the purposes of preparation, trial and appeal of this Action, and for no other purpose, absent further order of the Court.  However, nothing herein shall prevent or in any way limit disclosure, use or dissemination of any documents, things or information that are in the public domain.

3.      **DEFINITIONS**.

a.      "Copy" shall mean any reproduction, depiction, or sample of any Litigation Material, regardless of format, by photographic, scanning, imaging, recording, manual input, or other electronic, magnetic, optical, or manual reproduction means.

b.      "In-House Counsel" shall mean in-house counsel for each of the Parties who are attorneys actively involved in this dispute for their employers, as well as their direct clerical and support staff, copy services, translators and other similar vendors providing clerical or administrative support to such In-House Counsel in connection with this matter.

c.      "Outside Litigation Counsel" shall mean the outside counsel for the law firms of record for each Party in this Action, including all regularly employed attorneys, staff (including scientific advisors that are employed on a full-time basis), and clerical and support personnel affiliated with or employed by such outside counsel, as well as copy services, translators and other similar vendors providing clerical or administrative support to such outside counsel in connection with this matter.  "Outside Litigation Counsel" shall also include any other outside counsel retained by the Parties for appellate purposes, notwithstanding that such counsel is not counsel of record, so long as the Party engaging such counsel provides the other Party with written notice, and the other Party may object to

- 2 -

such counsel on the same terms as set forth for objecting to a "Qualified Consultant" in Paragraphs 8(c) and 8(d).

      d.      "Party" or "Parties" shall mean any or all parties to this Action.

      e.      "Producing Party" shall mean a Party or non-Party, on behalf of which documents, things or information are produced, furnished, or disclosed, during the course of this Action, in response to Local Rules of the Court or subpoena, requests for production of documents, interrogatories, requests for admissions, depositions or any other formal or informal request for discovery pursuant to the Federal Rules of Civil Procedure, or in the form of pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence or other form of information produced, furnished or disclosed by or on behalf of such a Party or non-Party.

      f.      "Receiving Party" shall mean any Party or non-Party to which documents, things or information are produced, furnished, or disclosed, whether voluntarily or in response to formal or informal discovery requests, subpoena, deposition notice, or court order, by any Producing Party in this Action.

      g.      "Source Code" shall mean source code and object code.  For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

      h.      "CONFIDENTIAL INFORMATION" shall mean Litigation Material that reflects or contains any of the following:  (i) confidential or proprietary technical or scientific information; (ii) confidential or proprietary know-how; (iii) confidential, proprietary or sensitive business or financial information; (iv) product research and development information; (v) customer and supplier information; (vi) marketing strategies and information; (vii) strategic business information including without limitation business plans, manufacturing information, cost information or logistical information; (viii) any information which is not generally known and which the Producing Party would not

normally reveal to third Parties or would cause third Parties to maintain in confidence; or (ix) information of a non-Party that the Producing Party is bound by a separate confidentiality agreement or court order to maintain in confidence and that the Producing Party is permitted to produce in the Action.

i.     "HIGHLY CONFIDENTIAL INFORMATION" shall mean Litigation Material which reflects or contains any of the following:  (i) licensing information; (ii) confidential, proprietary or highly sensitive design, development, technical, or manufacturing information; (iii) trade secrets; (iv) confidential, proprietary or highly sensitive business planning, strategy, marketing, financial, pricing, or sales information; or (v) any confidential or proprietary information that the Producing Party in good faith believes will result in significant risk of competitive disadvantage or harm if disclosed to another Party without restriction upon use or further disclosure, or that affords the Producing Party an actual or potential economic advantage over others.

j.     "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION" shall mean Litigation Material of a Producing Party, or of any non-Parties that a Producing Party is permitted to produce in the Action, that constitutes or contains Source Code.

k.     "DESIGNATED INFORMATION" shall mean information designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION.

4.     **DESIGNATION OF DOCUMENTS OR OTHER LITIGATION MATERIAL**.  Any Party or non-Party may designate, at or prior to the time of production, any non-public Litigation Material (and copies thereof) produced or disclosed by or on behalf of such Party or non-Party, or any portion of such material, as either:

a.     CONFIDENTIAL INFORMATION, by placing on each page (or electronic file or medium containing electronic file(s)) and each thing (including electronic,

optical, magneto-optical, magnetic, etc. media) to which the designation applies a legend substantially as follows: "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL INFORMATION," or other similar designation;

        b.     HIGHLY CONFIDENTIAL INFORMATION, by placing on each page (or electronic file or medium containing electronic file(s)) and each thing (including electronic, optical, magneto-optical, magnetic, etc.  media) to which the designation applies a legend substantially as follows: "HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL INFORMATION," or other similar designation plainly indicating "HIGHLY CONFIDENTIAL" Litigation Material; or

        c.     CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION, by placing on each page (or electronic file or medium containing electronic file(s)) and each thing (including electronic, optical, magneto-optical, magnetic, etc. media) to which the designation applies a legend substantially as follows: "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER" or other similar designation plainly indicating "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" Litigation Material.

A Producing Party designating Litigation Material as DESIGNATED INFORMATION must have a good faith belief that the Litigation Material meets the definition of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION as set forth in Paragraphs 3(h), 3(i), and 3(j), respectively.  In the event the Producing Party elects to produce documents containing or reflecting DESIGNATED INFORMATION for inspection, no marking need be made by the Producing Party in advance of the inspection, and all inspected materials shall be deemed HIGHLY

CONFIDENTIAL INFORMATION until designated otherwise at the time copies are delivered to Receiving Party.

5.      **USE OF DESIGNATED INFORMATION**.  CONFIDENTIAL INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than QUALIFIED PERSONS, as defined in Paragraph 6 herein, and HIGHLY CONFIDENTIAL INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than SPECIALLY QUALIFIED PERSONS, as defined in Paragraph 7 herein, except that CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may be made available or the contents thereof disclosed in accordance with the provisions of Paragraphs 9 and 10.  Material designated CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION and any portion of any transcript or other paper that contains, reveals, or refers to material so designated may only be disclosed, subject to the provisions of Paragraph 28, to SOURCE CODE QUALIFIED PERSONS, as defined in Paragraph 7, except in accordance with the provisions of Paragraphs 9 and 10.  All DESIGNATED INFORMATION shall be carefully and securely maintained by the Receiving Party and access to such DESIGNATED INFORMATION shall be permitted only to persons having access thereto under the terms of this Protective Order.  No DESIGNATED INFORMATION shall be permanently stored at the offices or facilities (including any servers or databases) of the Receiving Party.  In the event that any QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON, or SOURCE CODE QUALIFIED PERSON ceases to engage in the litigation of this Action, access by such person to DESIGNATED INFORMATION shall be terminated.  The provisions of this Protective Order, however, shall otherwise remain in full force and effect as to such QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON, or SOURCE CODE QUALIFIED PERSON.

6.     **QUALIFIED PERSONS**.  QUALIFIED PERSONS as used herein shall include only the following:

a.     Outside Litigation Counsel as necessarily incident to the litigation of this Action;

b.     personnel at jury consultants, mock jurors, document duplication, coding, imaging or scanning service establishments retained by, but not regularly employed by, Outside Litigation Counsel as necessarily incident to the litigation of this Action

c.     Qualified Consultants and Qualified Experts, as provided in Paragraph 8(b), and their regularly employed support personnel (such as administrative assistants, secretaries, clerical and administrative staff) as necessarily incident to the litigation of this Action;

d.     the Court, its personnel, jurors and alternate jurors, and court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this Action;

e.     In-House Counsel for Verizon, John Frantz, Caren Khoo and Kevin Parton; and for TiVo, Matthew Zinn and Karen Kramer; and

f.     Up to two (2) Qualified Employees, as provided in Paragraph 8(a) herein.

7.     **SPECIALLY QUALIFIED PERSONS AND SOURCE CODE QUALIFIED PERSONS**.  SPECIALLY QUALIFIED PERSONS as used herein shall include only those QUALIFIED PERSONS listed in Paragraphs 6(a)-6(e).  SOURCE CODE QUALIFIED PERSONS as used herein shall include only those QUALIFIED PERSONS listed in Paragraphs 6(a), 6(b), 6(d), 6(e) and Qualified Consultants and/or Qualified Experts under paragraph 8(b), in addition to their regularly employed support personnel, as long as such personnel become Qualified Consultants and Qualified Experts as provided in Paragraph 8(b).  Notwithstanding anything in this paragraph, Matthew Zinn shall be entitled to review HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL SOURCE

CODE – ATTORNEYS' EYES ONLY INFORMATION only to the extent such information appears in briefs or pleadings that are filed with the Court or Responses to Interrogatory Requests that are served on the Parties.

8.    **APPROVAL OF PROPOSED QUALIFIED EMPLOYEES, QUALIFIED CONSULTANTS, AND QUALIFIED EXPERTS**.

a.    Other than In-House Counsel, an employee of a Party who does not engage in competitive decision-making shall become a Qualified Employee as to a particular Producing Party and may receive the CONFIDENTIAL INFORMATION of that Producing Party only after the following conditions have been satisfied:  (i) the proposed Qualified Employee has executed an Agreement to Abide By Protective Order in the form attached hereto as Exhibit A; (ii) the executed Agreement has been served on the Producing Party; and (iii) the Producing Party has not objected to the proposed Qualified Employee pursuant to Paragraph 8(c), or the Court has ruled on an application by the Receiving Party that the proposed Qualified Employee may receive the CONFIDENTIAL INFORMATION of the Producing Party.

b.    A consultant or expert retained by a Party shall become a Qualified Consultant or Qualified Expert, as the case may be, as to a particular Producing Party and may receive the DESIGNATED INFORMATION of that Producing Party only after the following conditions have been satisfied:  (i) the proposed Qualified Consultant or Qualified Expert has executed an Agreement to Abide By Protective Order in the form attached hereto as Exhibit B; (ii) the executed Agreement and the proposed Qualified Consultant's or Qualified Expert's curriculum vitae (including (1) their present employer and title, (2) a list of any known present or former relationships or engagements between them and any Party or known competitor of a Party, (3) a list of other cases in which they have testified (at trial or deposition) within the last seven years, and (4) a list of all companies with which they have consulted or by which they have been employed within the last four years, or, if the identity of the employer is confidential, a description of the engagement and a statement that

the employer was not a Party or a competitor of a Party) have been served on the Producing Party; and (iii) the Producing Party has not objected to the proposed Qualified Consultant or Qualified Expert pursuant to Paragraph 8(c), or the Court has ruled on an application by the Receiving Party that the proposed Qualified Consultant or Qualified Expert may receive DESIGNATED INFORMATION of the Producing Party.  A proposed Qualified Consultant or Qualified Expert may only receive CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION after being expressly identified to the Producing Party as seeking access to CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION.  If the Receiving Party wishes an already identified Qualified Consultant or Qualified Expert to receive CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION, it must re-comply with the provisions of this Paragraph and identify the proposed Qualified Consultant or Qualified Expert as seeking access to CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION.

       c.     A Producing Party shall have seven (7) calendar days from the date of facsimile or electronic mail service of the materials and information served pursuant to Paragraphs 8(a) or 8(b), plus three (3) additional calendar days if service is made by U.S. mail or overnight delivery (such as Federal Express), to object to a proposed Qualified Employee, Qualified Consultant or Qualified Expert.  Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties.  Failure to object within the period referenced in this Paragraph shall constitute approval but shall not preclude the non-objecting Party from later objecting to continued access where facts suggesting a basis for objection could not have been earlier discovered by exercising due diligence within the period for making a timely objection.  If a written notice of objection is served, no DESIGNATED INFORMATION of the Producing Party shall be disclosed to the proposed Qualified Employee, Qualified Consultant or Qualified Expert until the objection is resolved by agreement or by an order of the Court.

d.      The Producing Party objecting to the disclosure of DESIGNATED INFORMATION to a proposed Qualified Employee, Qualified Consultant or Qualified Expert bears the burden of seeking an order of the Court and must demonstrate under applicable law why the proposed Qualified Employee, Qualified Consultant or Qualified Expert should not be permitted to receive DESIGNATED INFORMATION.  The objecting Producing Party must seek an order of the Court within seven (7) calendar days of serving its objection under Paragraph 8(c).  Failure to seek an order of the Court shall constitute approval but shall not preclude the non-objecting Party from later objecting to continued access where facts suggesting a basis for objection could not have been earlier discovered by exercising due diligence within the period for making a timely objection.

e.      The failure of a Producing Party to object to the receipt of its CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION and/or CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION by a person designated by a Receiving Party under Paragraph 8(b) shall in no way prejudice the Producing Party's right to later move to exclude such person's testimony or written report on grounds other than the propriety of such person's access to the Producing Party's CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION and/or CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION.

9.      **LIMITED DISCLOSURE TO PARTIES WITH PRIOR ACCESS**.  Nothing herein shall prevent the disclosure of any DESIGNATED INFORMATION to any of the following:

a.      any current employee of the Producing Party;

b.      any current employee of the Receiving Party if the DESIGNATED INFORMATION originated with, or was sent to, the current employee of the Receiving Party, as evidenced by the identification of the current employee as an author, recipient, or copyee on the face of the DESIGNATED INFORMATION; or during deposition or trial testimony, any former employee of the Receiving Party or Producing Party if the

DESIGNATED INFORMATION originated with, or was sent to, the former employee during the term of employment of the former employee, as evidenced by the identification of the former employee as an author, recipient, or copyee on the face of the DESIGNATED INFORMATION.

10.     **LIMITED DISCLOSURE TO WITNESSES TESTIFYING AT TRIAL OR AT DEPOSITION**.  DESIGNATED INFORMATION may be made available, or the contents thereof disclosed, to witnesses testifying at trial or at deposition, or who provide an affidavit or certification, and their counsel, only if:

a.     in the case of a document, it appears that the witness has previously seen or received the DESIGNATED INFORMATION contained therein, either because the document identifies the witness as an author, recipient or copyee, or because the document comes from the files of the witness; or

b.     the Producing Party agrees in writing that the witness may have access to the DESIGNATED INFORMATION for purposes of his or her testimony at trial and/or at deposition; or

c.     the witness is employed by the Producing Party; or

d.     the witness is a Qualified Expert or a Qualified Consultant; or

e.     in the case of a document, if the witness is testifying as a 30(b)(6) representative of a public or private corporation, a partnership, an association, a governmental agency, or other entity (collectively "Entity"), and an employee of that Entity has previously seen or received the DESIGNATED INFORMATION contained therein, either because the document identifies the employee as an author, recipient or copyee, is clearly marked as a document prepared by the Entity or because the document comes from the files of the employee.

If the basis of the disclosure is (a) above, then if requested by the Producing Party, immediately after the disclosure, the lawyer disclosing such DESIGNATED INFORMATION must make an inquiry with respect to the witness's previous access to such

information, and if it becomes apparent on such inquiry that the witness has not had previous access to the DESIGNATED INFORMATION, the item shall be withdrawn and no further inquiry regarding the DESIGNATED INFORMATION shall be permitted.  Any witness testifying at trial or at deposition or who provides an affidavit or certification, or their counsel, who receives DESIGNATED INFORMATION shall not reveal or discuss the contents of that information to or with any person who is not entitled to receive such information pursuant to this Protective Order.

11.     **DESIGNATION OF DEPOSITION TESTIMONY**.  A Party or non-Party may designate information disclosed during a deposition as DESIGNATED INFORMATION by so indicating on the record at the deposition.  A Party or non-Party may also designate in writing, within thirty (30) calendar days of the receipt of the certified transcript (the "Designation Period"), that specific portions of testimony (by reference to specific pages and lines) and/or exhibits be treated as DESIGNATED INFORMATION.  A Party or non-Party designating information as DESIGNATED INFORMATION must have a good faith belief that the information meets the definition of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or CONFIDENTIAL SOURCES CODE – ATTORNEYS' EYES ONLY INFORMATION and must only designate those portions of testimony or exhibits that qualify as such.  Until the Designation Period has elapsed for a given transcript, that transcript shall be treated as HIGHLY CONFIDENTIAL INFORMATION unless the Parties have earlier agreed that no designation will be made.

12.     **ATTENDANCE AT DEPOSITIONS**.  During depositions of any Party or non- Party, a Party or non-Party claiming that information that is to be disclosed or upon which questions may be based is DESIGNATED INFORMATION may exclude from the room for that portion of the deposition any person who is not a QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON, or SOURCE CODE QUALIFIED PERSON, as appropriate under this Protective Order.

13.     **FILING DESIGNATED INFORMATION**.  Any Party or non-Party filing DESIGNATED INFORMATION with the Court shall make reasonable efforts, in accordance with the Court's rules, to protect the confidentiality of such documents. Reasonable efforts include attempting to file documents containing DESIGNATED INFORMATION under seal. All documents of any nature, including briefs containing DESIGNATED INFORMATION, which are filed with the Court, may be filed under seal using the Court's CM/ECF system. Documents filed under seal must comply with the requirements of Eastern District Local Rules CV-5(a), CV-5(a)(7), and CV-5(a)(9), as applicable.  The Parties are not required to file additional Motions to Seal Documents, and sealed e-filings of DESIGNATED INFORMATION in this case are hereby authorized without the necessity of further motion or leave of Court.

14.     **USE OF DESIGNATED INFORMATION AT TRIAL**.  Nothing in this Protective Order shall prevent a Party from using any DESIGNATED INFORMATION at a hearing or at trial.  The Producing Party may request that attendance at those portions of the hearing or trial, or access to the transcripts of those hearing or the trial, in which DESIGNATED INFORMATION is disclosed be restricted to court personnel and QUALIFIED PERSONS, SPECIALLY QUALIFIED PERSONS, or SOURCE CODE QUALIFIED PERSONS, as appropriate under this Protective Order.

15.     **PROCEDURE FOR POST-PRODUCTION DESIGNATION**.  At any time prior to the final pretrial conference in this Action, a Producing Party may seek additional protection for previously produced Litigation Material by re-producing and re-designating such Litigation Material as DESIGNATED INFORMATION.  If Litigation Material was properly shown to a person who would not be entitled to see it as newly re-designated, that person shall be advised that the Litigation Material has been re-designated as DESIGNATED INFORMATION, as the case may be, and instructed not to use the Litigation Material for any purpose other than the litigation of this Action, but may not be barred from using or referring to such information during the conduct of this Action.

### 16.     PROCEDURE FOR OBJECTION TO DESIGNATION.

a.      At any time prior to the final pretrial conference in this Action, any Party may object in good faith to the designation or re-designation of any Litigation Material as DESIGNATED INFORMATION by providing counsel for the Producing Party with written notice of the reasons for its objection.  The Producing Party shall, within seven (7) calendar days after receiving such written notice, advise the objecting Party, in writing, of the basis for its designation.  Within seven (7) calendar days thereafter, the Parties shall confer in a good faith effort to resolve the matter.  Failing such resolution, the Receiving Party shall then have seven (7) calendar days from that conference (the "Motion Period") to apply to the Court for relief or the objection is waived.  The Producing Party retains the burden of establishing that the item was properly designated.

b.      Notwithstanding any objection to the designation of Litigation Material as DESIGNATED INFORMATION, Litigation Material designated as DESIGNATED INFORMATION shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:  (i) the Producing Party changes or removes such designation in writing; or (ii) the Court orders the Producing Party to change or remove such designation.  If Litigation Material was properly shown to a person who would not be entitled to see it as re- classified, that person shall be advised that the Litigation Material has been reclassified and instructed not to use the Litigation Material for any purpose other than the litigation of this Action, but may not be barred from using or referring to such information during the conduct of this Action.

c.      The designation of an item as DESIGNATED INFORMATION may be challenged, among other reasons, because:  (i) the information is or comes to be publicly disclosed in a printed publication, (ii) the information is or comes to be generally publicly known, or (iii) the information is or comes to be otherwise known to the Receiving Party without any breach of the confidentiality obligations hereunder.  Any disclosure of DESIGNATED INFORMATION under this Protective Order shall not serve as a basis for

challenging the DESIGNATED INFORMATION designation of the information in question.

   d. The failure of the Receiving Party to challenge the designation of any item as DESIGNATED INFORMATION under this Protective Order at the time of production or designation of the item shall not be deemed a waiver of the Receiving Party's right to challenge the propriety of such designation at any time prior to the final pretrial conference in this Action.

  17. **AVAILABILITY TO NON-PARTIES**.  It is expressly contemplated that the protections of this Protective Order apply to non-Parties.

  18. **NOTICE TO NON-PARTIES**.  Any Party issuing a subpoena to a non-Party shall enclose a copy of this Protective Order and shall provide a copy of the subpoena to all Parties in this Action.

  19. **NO WAIVER**.

   a. Nothing in this Protective Order shall prejudice the right of any Party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such rights.  Moreover, nothing in this Protective Order shall prejudice the right of any Party to object to the admissibility at trial of any Litigation Material or other evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

   b. Entering into, agreeing to and/or complying with the terms of this Protective Order shall not:  (i) operate as an admission by any Party that any particular Litigation Material contains or reflects currently valuable trade secrets or protected proprietary or commercial information; or (ii) operate as an admission by any Party that any particular Litigation Material is, or is not, relevant to this Action.

  20. **PARTIES' OWN INFORMATION**.  Notwithstanding any other provision of this Protective Order, nothing shall limit any Producing Party's use of its own documents, things or information, nor shall anything in this Protective Order prevent any Producing

Party from disclosing its DESIGNATED INFORMATION to any person.  Such disclosures shall not affect any designation of such documents, things or information as DESIGNATED INFORMATION pursuant to the terms of this Protective Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the documents, things, or information.

21.     **DISCLOSURES BEYOND PROTECTIVE ORDER**.  Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order:  (i) if the Producing Party(ies) consents to such disclosure; (ii) if the Court, after notice of all affected persons, allows such disclosure; or (iii) if the Receiving Party thereafter becomes obligated to disclose the information in response to a lawful subpoena or other legal process, provided that the subpoenaed Receiving Party gives prompt written notice to counsel for the Producing Party and provides counsel for that Party at least ten (10) calendar days from receipt of the written notice to object to the Receiving Party's production of any materials that reflect DESIGNATED INFORMATION produced by the Producing Party, which objection shall be in writing. Such objection shall preclude the Receiving Party's production of any materials that reflect DESIGNATED INFORMATION produced by the Producing Party that are subject to the Producing Party's objection, absent further order of this Court.

22.     **INADVERTENT OR UNINTENTIONAL PRODUCTION OF PRIVILEGED LITIGATION MATERIAL**.  Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of protected communications or information shall not constitute a waiver of any privilege or other protection (including work product) for the protected communications or information or the subject matter of the protected communications or information if the Producing Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure.  The Producing Party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if the Producing Party utilized attorney review, keyword search term screening, and/or linguistic tools in screening for

privilege, work product or other protection. In the event of the inadvertent disclosure of protected materials, the Producing Party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within thirty (30) days from the date that the inadvertent disclosure has been realized, the Producing Party notifies the Receiving Party of the inadvertent disclosure and instructs the Receiving Party to return promptly all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such a request from the Producing Party, the Receiving Party shall promptly return or confirm destruction of all copies of such inadvertently produced communications or information (including any and all work product containing such communications or information), and shall make no further use of such communications or information (or work product containing such communications or information). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client, work product or other designation of protection. The protections against waiver afforded by the Protective Order shall be applicable to the fullest extent allowed by Rule 502 of the Federal Rules of Evidence against both Parties and non-Parties to this Action and in other proceedings in Federal and State courts.

23.    **INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION, OR HIGHLY CONFIDENTIAL INFORMATION, OR CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION**.

a.    If any Litigation Material that a Party or non-Party intends to designate as DESIGNATED INFORMATION is inadvertently disclosed without being marked in accordance with this Protective Order, the failure to so mark the Litigation Material shall not be deemed a waiver of its confidentiality.

b.    If any DESIGNATED INFORMATION is disclosed, through inadvertence or otherwise, to a person or Party other than a QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON or SOURCE CODE QUALIFIED PERSON, as the

case may be, then the Party disclosing the information shall use its best efforts to bind such person or Party to the terms of this Protective Order and (a) such person shall be informed promptly of all the provisions of this Protective Order by the disclosing Party; (b) such person shall be identified immediately to the Party that designated the Litigation Material as DESIGNATED INFORMATION; and (c) the person to whom disclosure was made shall be requested to sign an Agreement to Abide By Protective Order in the form of Exhibit C hereto, which signed Agreement shall be served on the Party that designated the Litigation Material as DESIGNATED INFORMATION.  Nothing in this Paragraph shall affect the Producing Party's remedies under this Protective Order or otherwise for such unauthorized disclosure.

**24.     RETURN OR DESTRUCTION OF DESIGNATED INFORMATION UPON CONCLUSION OF THIS ACTION.**

a.     Within ten (10) calendar days of the entry of this Joint Amended Protective Order, Verizon shall assemble and return to each Producing Party all originals and reproductions of any Litigation Material containing DESIGNATED INFORMATION, including notes made therefrom or summaries thereof.  In lieu of returning Litigation Materials containing information designated as CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION, or notes or summaries of Litigation Material containing any DESIGNATED INFORMATION, Verizon may destroy all such Litigation Material, provided the Party electing to undertake such destruction does so within the timeframes specified above and certifies to the Producing Party in writing that it has made a reasonable and good faith effort to destroy such Litigation Material, and that all such material has been destroyed to the best of its knowledge, subject to the exceptions in Paragraph 24(b).

With the exception of any Verizon information designated as Confidential Source Code – Attorneys' Eyes Only Information which must be destroyed within ten (10) days of the entry of this order, within sixty (60) calendar days of the conclusion of *Motorola*

*v. TiVo*, No. 5:11-cv-53 (E.D. Tex.) or *TiVo v. Cisco*, No. 2:12-cv-311 (E.D. Tex.), whichever is later,  TiVo shall assemble and return to each Producing Party all originals and reproductions of any Litigation Material containing DESIGNATED INFORMATION, including notes made therefrom or summaries thereof.  In lieu of returning Litigation Materials containing information designated as CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION, or notes or summaries of Litigation Material containing any DESIGNATED INFORMATION, a Party may destroy all such Litigation Material, provided the Party electing to undertake such destruction does so within the timeframes specified above and certifies to the Producing Party in writing that it has made a reasonable and good faith effort to destroy such Litigation Material, and that all such material has been destroyed to the best of its knowledge, subject to the exceptions in Paragraph 24(b).

   b. Notwithstanding Paragraph 24(a), Outside Litigation Counsel for each Party may retain a record including one copy of the following, irrespective of whether or not CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of another Party or non-Party is included:  (i) its correspondence file of this case; (ii) its pleadings file, including all briefs, memoranda, affidavits, supporting materials, and all papers served on the Party; (iii) any briefs and appendix on appeal; (iv) all legal research memoranda; (v) its file of deposition transcripts and accompanying exhibits; and (vi) its file of hearing and trial transcripts and accompanying exhibits.  In the instance of CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION, the foregoing exception to Paragraph 24(a) shall not apply and no partial or complete Source Code shall be retained under any circumstances absent written consent from the Producing Party.

   25. **SURVIVAL OF OBLIGATIONS**.

   a. All the provisions of this Protective Order shall survive the conclusion of this Action, and shall continue to be binding after the conclusion of this

Action unless subsequently modified by agreement among the Parties or further order of the Court.

b.     "Conclusion of this Action" shall mean all appeal periods have expired and any settlement or judgment has become final.

c.     For the purposes of enforcing this Protective Order and resolving any disputes thereunder, the Court retains jurisdiction indefinitely over the Parties and any persons provided access to DESIGNATED INFORMATION under the terms of this Protective Order.

26.     **VIOLATIONS SANCTIONABLE**.  All persons bound by this Protective Order are hereby notified that if this Protective Order is in any manner violated, the person or entity who commits such violation may be subject to such sanctions as the Court on motion and after a hearing deems just.

27.     **RELIEF FROM PROTECTIVE ORDER**.  Entry of this Protective Order shall be without prejudice to the application by any Party or non-Party (i) for relief from any restriction contained herein or (ii) for any order compelling or further restricting the production or use of any Litigation Material produced, furnished or disclosed in the course of discovery in this Action.  The Parties may amend or modify any provision of this Protective Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved by the Court.

28.     **ADDITIONAL PROTECTIONS FOR CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION**.  CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION shall be subject to the additional protection of this Paragraph.

a.     Nothing in this Protective Order shall obligate the Parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable or admissible.

b.      Access to Source Code will be given only to SOURCE CODE QUALIFIED PERSONS.

c.      Access to Source Code shall be provided on "stand-alone" computers (that is the computers may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet), that shall be connected to a high-speed laser printer and a monitor having no smaller than a 19-inch display. Each stand-alone secure computer system shall be located at a mutually agreed-upon location, at which an authorized agent (such as a law firm or third-party escrow agent) will safeguard the Restricted Code while allowing access to and use of the Restricted Code by the Receiving Party. Electronic copies of produced source code shall be deposited at such locations as the Producing and Receiving Parties mutually agree.  Each Producing Party shall provide access to Source Code at two locations on which the Producing and Receiving Parties mutually agree.

d.      The Producing Party shall provide the stand-alone computers for the Receiving Party.  Each stand-alone secure computer shall be built to the Receiving Party's specifications.  Each stand-alone secure computer may be password protected and shall have the Source Code stored on a hard drive connected to or contained in each computer. The Producing Party shall produce Source Code in computer searchable format on the stand-alone computers and shall include all necessary libraries and makefiles necessary to compile the Source Code, but the Receiving Party shall not compile the Source Code or any portion thereof.  The stand-alone computer shall include any reasonable analysis tools requested by the Receiving Party appropriate for the type of Source Code (e.g. UltraEdit Studio, SciTool Understand, or Doxygen with the Graphviz module), provided that the Receiving Party supplies the license(s) for such tools. Following the final disposition of this Action, the Producing Party shall reformat the stand- alone computers and may keep or destroy the stand-alone computers.

e.      The Receiving Party shall make reasonable efforts to restrict its requests for access to the stand-alone secure computers to normal business hours, which for

purposes of this Paragraph shall be 8:00 a.m. through 6:00 p.m.  But upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the computers outside of normal business hours, or to have its authorized agent accommodate such request.  The Parties agree to cooperate in good faith such that maintaining the Source Code shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

    f.     All SOURCE CODE QUALIFIED PERSONS who will review Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least five (5) calendar days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any disclosure required under Paragraph 8(b) of this order.  The Producing Party shall provide these individuals with information explaining how to start, log on to, and operate the stand-alone computers in order to access the produced Source Code on the stand-alone secure computers.

    g.     No person other than the Producing Party, or its authorized agent, may alter, dismantle, disassemble or modify the stand-alone secure computers in any way (including loading any software onto such stand-alone secure computers), or attempt to circumvent any security feature of the computer system(s).

    h.     No copies shall be made of Source Code, whether physical, electronic, or otherwise, other than copies made to a hard drive by the Producing Party or its authorized agent or copies made to volatile memory in the normal course of reviewing the Source Code on the stand-alone secure computers, except for:  (1) print outs of reasonable portions of the Source Code in accordance with the provisions of Paragraphs 28(i)-(j); and (2) such other uses to which the Parties may agree or that the Court may order.

    i.     At the request of the Receiving Party, the Producing Party shall within five (5) calendar days provide one (1) hard copy print out of the specific lines or pages of the Source Code that the Receiving Party believes in good faith are necessary to

- 22 -

understand a relevant feature of an accused product (limited to no more than 1000 pages absent the written consent of the Producing Party).  In addition, the Receiving Party may make hard copy print outs from the printer connected to each stand alone computer at the time of review.  The authorized agent shall log the filename, lines and pages of the Source Code printed out by the Receiving Party and the identity of the individual making the copy.

   j.  Hard copy print outs of Source Code shall be clearly labeled CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION on each page and shall be maintained by the Receiving Party's Outside Litigation Counsel or SOURCE CODE QUALIFIED PERSONS in a secured locked area.  The Receiving Party may also temporarily keep copies of the Source Code or portion thereof, in hard copy or electronic form, at:  (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the print outs (e.g., a hotel prior to a Court proceeding or deposition).  No further hard copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media except that:

    1.  The Receiving Party is permitted to make additional hard copies for use at a deposition;

    2.  The Receiving Party is permitted to make up to five (5) additional hard copies for the Court in connection with a Court filing, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered.  To the extent portions of Source Code are quoted in a Court filing, either (1) the entire document will be stamped and treated as CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES

ONLY INFORMATION; or (2) those pages containing quoted Source Code will be separately stamped and treated as CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION;

3. Electronic copies of Source Code may be made as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically; and

4. The Producing Party shall, on request, make a searchable electronic copy of the Source Code available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code.

k. A Producing Party's Source Code may only be transported within the direct control of a SOURCE CODE QUALIFIED PERSON, except for shipments via Federal Express or other similar courier service directly from one SOURCE CODE QUALIFIED PERSON to another SOURCE CODE QUALIFIED PERSON.  Under no circumstances may Source Code be transmitted electronically.  Notwithstanding anything to the contrary contained herein, the following additional requirements apply to Source Code. The Receiving Party acknowledges that Source Code received under this Order may be subject to export controls under the laws of the United States and other applicable laws.  The Receiving Party shall comply with the applicable laws.  The Receiving Party acknowledges that Source Code disclosed by the Producing Party may be subject to regulations, including but not limited to, the U.S. Export Administration Regulations (EAR), Export Control Classification Number (ECCN) 5E00I pertaining to Dynamic Adaptive Routing, Optical Switching, SS7, non-aggregated port speed data transfer rates exceeding 15 Gbps; and ECCN 5E002 cryptography.  The Receiving Party agrees to maintain adequate controls to prevent nationals of countries listed in the EAR, Part 740 Supplement No.1, Country Group

D:l or E from accessing the Producing Party's code, subject to ECCN 5001; or nationals outside the U.S. and Canada from accessing such code, subject to ECCN 5E002 – without U.S. Government authorization.  The Receiving Party furthermore agrees to notify the Producing Party prior to granting a foreign national, of countries listed in the groups D:1 or E, access to the stand-alone secure computer system(s) containing the Source Code or access to hard copies of the Source Code.  As used herein, the term "national" is defined as any person who is not a U.S. citizen, U.S. person, or lawful permanent resident of the United States.

l.      Nothing in this Protective Order shall be construed to limit how a Producing Party may maintain its own material designated as CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION.

m.      Outside Litigation Counsel for the Receiving Party with custody of CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION shall maintain a source code log containing the following information:  (1) the identify of each person granted access to the CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION; and (2) the first date when such access was granted.  Outside Litigation Counsel for the Receiving Party will produce, upon request, each such source code log to the Producing Party within sixty (60) days of the final determination of this Action.

29.      **INVOLVEMENT IN PATENT PROSECUTION**.  Any attorney, patent agent, paralegal or clerical support staff for or representing a Receiving Party, whether in-house or outside counsel, that receives CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, or who learns, in whole or in part, the Producing Party's CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under this Order shall not draft or amend patent claims or patent application specifications pertaining to the CONFIDENTIAL

SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION or the field of the invention of the patents-in-suit on

behalf of patents or applications of the Receiving Party or its acquirer, successor,

predecessor, or other affiliate during the pendency of this Action and for one (1) year after

its conclusion, including any appeals.  To ensure compliance with the purpose of this

provision, each Receiving Party shall create an "Ethical Wall" between those persons with

access to the CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and any individuals

who, on behalf of the Receiving Party or its acquirer, successor, predecessor, or other

affiliate, prepare, prosecute, actively and substantively supervise or assist (i.e., review,

amend or draft proposed filings) in the preparation or prosecution of any patent application

pertaining to the CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION or to the field of

invention of the patents-in-suit.  Nothing herein shall prevent, or shall be construed as

preventing Outside Litigation Counsel from communicating with its client or its client's

patent prosecution or reexamination counsel regarding any disclosure of litigation materials

mandated by the MPEP, the United States Patent and Trademark Office, by federal law, or

as otherwise required to avoid a finding of inequitable conduct.  In addition to materials

designated CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the provisions of this

paragraph shall also apply to materials that the producing party designates as

CONFIDENTIAL - SUBJECT TO PROSECUTION BAR.

      30.    **DESIGNATION OF PRIOR LITIGATION MATERIALS**.  To the extent

Designated Materials produced under the February 7, 2005 Stipulated Protective Order

entered in the matter of TiVo, Inc. v. Echostar Communications Corp., et al., No. 2-04-CV-

01-DF (E.D. Tex.) are re-produced in this Action ("Prior Litigation Materials") then (i) Prior

Litigation Materials designated as "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT

TO PROTECTIVE ORDER," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall

be treated as HIGHLY CONFIDENTIAL INFORMATION under the terms of this Order,

and (ii) Prior Litigation Materials designated as "CONFIDENTIAL," or "CONFIDENTIAL

- SUBJECT TO PROTECTIVE ORDER" shall be treated as CONFIDENTIAL

INFORMATION under the terms of this Order.

    It is so ORDERED.

**EXHIBIT A**
**Qualified Employee**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TIVO INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:09-cv-257-JRG |
| | ) | |
| vs. | ) | |
| | ) | |
| VERIZON COMMUNICATIONS, INC.; | ) | |
| VERIZON SERVICES CORP.; VERIZON | ) | |
| CORPORATE RESOURCES GROUP, LLC; | ) | |
| VERIZON CORPORATE SERVICES | ) | |
| GROUP INC.; and VERIZON DATA | ) | |
| SERVICES LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____, declare

under penalty of perjury that:

    1.    My address is _____.

    2.    My present employer is _____,

and the address of my present employment is _____

_____.

    3.    My present occupation or job description is _____

_____

_____.

4.      I hereby acknowledge that I have read the "Stipulated Protective Order" ("PROTECTIVE ORDER") in the above-captioned action (the "Action"), that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

5.      I hereby certify that I am not involved in competitive decision-making for my employer, nor will I be involved in competitive decision-making for my employer until at least one year after the conclusion of this Action.

6.      I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as CONFIDENTIAL INFORMATION, but not HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION, in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER.  I agree not to reveal any CONFIDENTIAL INFORMATION or any notes containing or reflecting CONFIDENTIAL INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any CONFIDENTIAL INFORMATION for any purpose other than directly associated with my duties in this litigation.

7.      I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting CONFIDENTIAL INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER.  I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by said PROTECTIVE ORDER.  I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal

any CONFIDENTIAL INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.

       8.      I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Eastern District of Texas in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

Signature:_____

Date:_____

<u>**EXHIBIT B**</u>
<u>**Qualified Consultant or Qualified Expert**</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TIVO INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:09-cv-257-JRG |
| | ) | |
| vs. | ) | |
| | ) | |
| VERIZON COMMUNICATIONS, INC.; | ) | |
| VERIZON SERVICES CORP.; VERIZON | ) | |
| CORPORATE RESOURCES GROUP, LLC; | ) | |
| VERIZON CORPORATE SERVICES | ) | |
| GROUP INC.; and VERIZON DATA | ) | |
| SERVICES LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

<u>AGREEMENT TO ABIDE BY PROTECTIVE ORDER</u>

I, _____, declare

under penalty of perjury that:

1.      My address is _____.

2.      My present employer is _____,

and the address of my present employment is _____

_____.

3.      My present occupation or job description is _____

_____

_____.

4.      I have attached hereto my current curriculum vitae and, to the best of my

knowledge, a complete list of any present or former relationships or engagements between

myself and any Party to the above-captioned action (the "Action") or any known competitor thereof.

5.      I hereby acknowledge that I have read the "Stipulated Protective Order" ("PROTECTIVE ORDER") in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

6.      I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION (collectively, "DESIGNATED INFORMATION") in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER.  I agree not to reveal any DESIGNATED INFORMATION or any notes containing DESIGNATED INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any DESIGNATED INFORMATION for any purpose other than directly associated with my duties in this litigation.

7.      I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting DESIGNATED INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER.  I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.  I understand that material designated as or reflecting CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION is subject to the additional restrictions listed in the PROTECTIVE ORDER and that I am familiar with and agree to abide by those restrictions.

8.      I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.  I also agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) that they may not access CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION pursuant to the terms of the PROTECTIVE ORDER.

9.      I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Eastern District of Texas in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

Signature:_____

Date:_____